## In the Matter of the Estate of HENRY H. ROGERS, Deceased.

Surrogate's Court, Suffolk County, April 20, 1936.

*Larkin, Rathbone & Perry*, for Adrian H. Larkin, Albert Stickney and Central Hanover Bank and Trust Company, as executors.

*Simpson, Thacher & Bartlett*, for Millicent Rogers Balcom.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the trustees under the will of Henry H. Rogers, Sr., deceased.

*Mitchell, Taylor, Capron & Marsh*, for Pauline V. Rogers, Charles V. Dresser and Sherman Dresser.

*Smart & von Sneidern*, for Helen M. Bernis.

*John Caldwell Myers*, general guardian for the estate and property of Peter Alfred Constantin Maria Salm.

*Guy O. Walsor*, special guardian of Peter Alfred Constantin Maria Salm.

*Nathan O. Petty*, special guardian of Arturo Henry Peralta Ramos and Paul Jaime Peralta Ramos, etc.

PELLETREAU, S. This court is asked to construe article seventeenth of the will of Henry H. Rogers, the decedent, and determine the apportionment of the Federal and New York estate taxes as between the estate of the decedent and the trust created under the will of his father for his benefit and over which he was given power of appointment.

Article seventeenth reads as follows: " I direct that all inheritance, transfer, legacy, succession or similar duties or taxes which shall become payable in respect of any property or interest passing under this my last Will and Testament or any codicil hereto I may make hereafter, shall be paid out of the capital of my residuary estate."

The papers indicate an estimated gross value of decedent's estate at the time of his death of $17,112,436.13, from which, after deducting estimated administration expenses, debts and income taxes, amounting to $3,017,222.27, leaves a net estate of $14,095,213.86. It is estimated that the value of decedent's interest in his father's estate held in trust for him and over which he had the power of appointment was $9,171,294.18. It is estimated that the Federal and New York estate taxes upon the decedent's own property and the trust fund created under his father's will for his benefit is $13,138,115.14. There appears to be no dispute as to the substantial correctness of any of the above figures. The estate of decedent would be exhausted as all taxes would be paid out of the property of which he died seized and possessed. There would be no assets to set up the residuary trusts created by his will. The specific legacies and devises therein aggregating $659,478.04

and legacies aggregating $810,000 must be paid before there is any residuary estate. The estimates herein are from a responsible source. Estates seldom exceed previous estimates. Charges, debts, taxes and expenses in the settlement of estates usually exceed previous estimates.

Article seventeenth of decedent's will is limited. " In respect of any property or interest passing under this *my* last will and testament." In my opinion it relates to his own property and the gifts thereof by him. To hold that all the aforesaid estate taxes would be paid from his own property would be a gross injustice to his residuary legatees. The decedent was a competent man and knew what he possessed. He could not have meant to exhaust his entire estate in the payment of taxes thereby defeating the specific legacies, devises and legacies provided in his own will. To think otherwise is a shock to one's sense of fairness. The taxes which the entire estate must pay are stupendous. The power of appointment created under the will of decedent's father was exercised as of the date of decedent's death. This is the same as if the father's will gave the appointed estate direct to those named in the appointment. Property subject to the exercise of a power of appointment passes under the instrument creating the power, instead of under the will of the donee of the power. (*Genet* v. *Hunt*, 113 N. Y. 158; *Matter of Stewart*, 131 id. 274; *Matter of Harbeck*, 161 id. 211.)

It is nevertheless true that the appointed property is liable for the payment of the estate taxes due with respect to the estate of the donee. (See Tax Law, art. 10-C, § 249-bb; also Revenue Act of 1926, as amd., § 315; U. S. Code, tit. 26, § 1115.)

Section 124 of the Decedent Estate Law requires an equitable apportionment of the Federal and State taxes among the persons interested in the estate, " except in a case where a testator otherwise directs in his will." I am firmly of the opinion that no such contrary direction is contained in decedent's will and a failure to apportion the taxes would be subversive of his intention for the reasons above stated.