In the Matter of the Estate of MAUDE ROBINSON CORLIES, Deceased.

Surrogate's Court, New York County, June 15, 1940.

PROCEEDING on accounting of executor and for construction of will.

*Nevins, Brett & Kellogg* [*Macintosh Kellogg* and *William H. O'Brien* of counsel], for the executors.

*Larkin, Rathbone & Perry* [*Albert B. Maginnes, Arthur W. Siegrist* and *Aubrey A. Huston* of counsel], for the Central Hanover Bank and Trust Company, as trustee.

*Americus Delli Paoli,* special guardian.

FOLEY, S. In this accounting proceeding the executors seek an apportionment of the Federal and State estate taxes pursuant to section 124 of the Decedent Estate Law. The correctness of the computation of the apportionment of taxes by the executors set forth in Schedule J of the account and Exhibit 1 attached thereto is not questioned. The trustee of a revocable *inter vivos* trust created by the decedent on December 31, 1931, which was included in the gross estate both in the Federal and State estate tax proceedings, contends that section 124 of the Decedent Estate Law is inapplicable, since the testatrix has provided for the payment of the Federal estate tax out of the residuary estate passing under the will. The pertinent language of the will reads:

"*First.* I direct my executors hereinafter appointed to first pay all my just debts and funeral expenses and also all taxes that may be levied or assessed upon or against my estate and any share or interest therein of any legatee, by the United States, commonly known and designated as Federal Estate Taxes, without apportionment. All other Estate Taxes shall be apportioned."

It is conceded that under this provision the New York estate tax must be apportioned between the *inter vivos* trust and the property passing under the will. The contention of the trustee that this provision relieved the *inter vivos* trust of bearing its proportionate share of the Federal estate tax is overruled. I hold that the direction for the payment of the Federal estate taxes without apportionment was intended by the testatrix to apply only to the property passing under her will. Similar language directing payment of taxes has been construed in recent decisions and limited to the property passing under the testamentary instrument. (*Matter of Kaufman,* 170 Misc. 436; *Matter of Pennock,* 172 id. 10; *Chase National Bank* v. *Tomagno,* Id. 63; *Matter of Feist,* N. Y. L. J. May 27, 1940, p. 2411.)

*Matter of Aldrich* (259 App. Div. 162), cited and relied upon by the trustee of the *inter vivos* trust, is clearly distinguishable from the pending proceeding. In that case the language of the will and the trust instrument clearly disclosed that the testator, a lawyer, realized that both the property passing under the will and under the trust indenture might be included as part of the taxable estate and that he desired his residuary estate passing under the will to bear all taxes. This intent was clearly demonstrated by the provision in the trust authorizing the payment of taxes therefrom in the event that the estate was insufficient to pay them.

The trust instrument executed by the testatrix here contains no such provision with respect to taxes and the only reference thereto

is contained in the quoted language of the first paragraph of the will. This provision is limited solely to the interest passing under the will and discloses no intent on the part of the testatrix to relieve the *inter vivos* trust from bearing its proportionate share of taxes pursuant to the provisions of section 124 of the Decedent Estate Law.

Submit decree on notice construing the will, approving the apportionment of taxes and settling the account in accordance with this decision.