# In the Matter of the Estate of JULIA C. RYAN, Deceased.

Surrogate's Court, New York County, June 29, 1942.

*Larkin, Rathbone & Perry* [*John W. Drye, Jr., Leonard A. Blue* and *Henry S. Broad* of counsel], for the petitioners.

*Stewart & Shearer* [*M'Cready Sykes* of counsel], for Helen Kemper Stearns, respondent.

*Winthrop, Stimson, Putnam & Roberts*, for Penn Mutual Life Insurance Company, respondent.

*Louis W. Dawson*, for Mutual Life Insurance Company of New York, respondent.

*Walton, Bannister & Stitt* [*Daniel Day Walton* of counsel], for John Irwin and Adeline Irwin, respondents.

*Howard C. Spencer*, for Home Life Insurance Company, respondent.

*Samuel S. Koenig*, special guardian.

FOLEY, S. In this executors' accounting a construction of article ninth of the will is sought in order to determine the proper allocation of the Federal estate taxes. The executors paid the Federal estate tax of $15,851.91 with respect to nine refund annuity contracts valued at $89,528.65 which were included in the gross taxable estate by the Federal taxing authorities. The ninth article of the will reads: " NINTH: I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate and shall not be charged against any of the specific bequests, legacies or devises herein made." The testatrix, an American citizen, residing in Bermuda, died in New York city on November 10, 1939. Her will was duly admitted to probate in this court.

On the facts submitted to the court by written stipulation and from the provisions of the will, it clearly appears that the testatrix intended her will to be admitted to probate in this jurisdiction and that her estate should be administered in accordance with the laws of the State of New York. She left a gross taxable estate of $724,816.55 and of this sum there was physically located in this State property valued at $582,608.16 consisting of securities in a custodian account, bank deposits, insurance policies and personal effects. The will was executed in New York city on July 28, 1936 and was prepared by a New York attorney. While subsequently two brief codicils to the will were prepared and executed in Bermuda, they merely appointed the Bank of Bermuda the executor as to Bermuda property and made a small charitable gift.

The eleventh article of the will designates an individual and the Central Hanover Bank and Trust Company, a banking institution of New York city, executors and trustees. The individual executor and trustee has a place of business in New York city and resides in New Jersey. It is provided in this article of the will that " In the event that this last will and testament has to be probated in any foreign country and in the event that Central Hanover Bank and Trust Company cannot for any reason act or qualify as executor hereunder in such foreign country," then the individual executor is to probate the will in such foreign country.

In paragraph twelfth the testatrix authorized the executors and trustees to retain investments owned by her " whether or not the same are of the character authorized as trust investments by the laws of the State of New York or by the laws of any other State or by the laws of any foreign country." This same language was

used by the testatrix in authorizing the executors and trustees to make investments in their sole discretion. It clearly appears, therefore, that the testatrix intended her estate to be administered under the laws of the State of New York.

That she had the right to select this jurisdiction as the one to govern the administration of her estate is well recognized by our courts. This right has been incorporated in the statute law of this State. (Dec. Est. Law, § 47.) The last sentence of that section reads: " Whenever a decedent, being a citizen of the United States or a citizen or a subject of a foreign country, wherever resident, shall have declared in his will and testament that he elects that such testamentary dispositions shall be construed and regulated by the laws of this State, the validity and effect of such dispositions shall be determined by such laws."

The fact that no expressed declaration is contained in the instant will is not conclusive, and effect may be given to the decedent's clearly implied indication to have the law of New York applied. (*Hutchison* v. *Ross*, 262 N. Y. 381; *Shannon* v. *Irving Trust Co.*, 275 id. 95; *Matter of New York Life Ins. & Trust Co.*, 139 N. Y. Supp. 695; affd., 157 App. Div. 916; affd., 209 N. Y. 585.) I hold therefore that the will of the testatrix here must be construed in accordance with the laws of this State.

The direction in the ninth article of this will for the payment of taxes out of the residuary estate is specifically limited to the " specific bequests, legacies or devises *herein made*." (Italics mine.) Similar language has been repeatedly held to relate only to the gifts passing under the will and not to exempt from tax the property passing outside the will and included as part of the gross taxable estate. (*Matter of Corlies*, 174 Misc. 459; *Matter of Pennock*, 172 id. 10, revd. on other grounds, 260 App. Div. 181; *Chase National Bank* v. *Tomagno*, 172 Misc. 63; *Matter of Kaufman*, 170 id. 436.) Accordingly the recipients of the proceeds of the refund annuity contracts must bear their proportionate share of the Federal estate taxes.

This determination is in no way affected or dependent upon the ultimate decision in *Matter of del Drago* (287 N. Y. 61, certiorari granted by the United States Supreme Court, *sub nom. Riggs* v. *del Drago*, 315 U. S. 795). The issue in that case involves the constitutionality of section 124 of the Decedent Estate Law. The determination here made is wholly apart from that issue and is based solely upon the intent of this testatrix. Having directed in the ninth article of the will that the taxes on gifts passing under the will be paid out of the residuary, the testatrix by strong implication clearly intended that all other property included in the taxable estate should bear its proportionate share of the taxes.

The personal claim of the executor is allowed in the sum set forth in schedule D-2 of the account.

Submit decree on notice construing the will and settling the account accordingly.