## In the Matter of the Estate of Max Kalik, Deceased.

Surrogate's Court, New York County, December 18, 1942.

*Milton M. Siegel* and *Joseph Yaspan* for Benjamin Uchitelle, petitioner.

*Louis Salant* for Ida Kalik et al., respondents.

*Edward Schaeffer* for William Weisman, respondent.

*Jerome M. Hirsch* for State Tax Commission, respondent.

*Charles F. Evans*, special guardian of infants.

Foley, S. In this contested accounting proceeding Benjamin Uchitelle filed an account of his transactions as executor. His cofiduciary is Ida Kalik, the widow of the testator, and an executrix under his will. She did not join in the account of the executor, but filed numerous objections to it in her capacities as executrix and as beneficiary under the will, and in her individual status as a creditor of the estate based upon her personal claims against it. The executor in his petition also raised a question as to the construction of one paragraph of the will which relates to the source of payment of the Federal and New York estate taxes, and as to whether an apportionment

of certain of these taxes was intended by the testator by the application of the provisions of section 124 of the Decedent Estate Law.

The estate approximates two million dollars. Many of the present controversies have arisen because of the bitter feeling which has developed out of disagreements in the manner of the administration of the estate as between the executor and executrix.

The questions of the construction of the will are (1) whether the testator directed that all estate taxes levied upon every form of transfers — testamentary and nontestamentary — be paid out of his general estate, or (2) whether apportionment against the nontestamentary transferees and payment by them of the equitable shares of the taxes was intended.

The material paragraph, numbered eighteenth, reads as follows: '' I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my estate and deducted as an expense of administration thereof without any proration among any of the legatees herein named.''

The will was executed on the 13th day of December, 1935, some years after section 124 of the Decedent Estate Law went into effect.

The transfers, extraneous to those passing under the will, which were required to be included in the gross taxable estate, consisted of (a) proceeds of insurance policies paid to the widow; (b) a joint bank account with survivorship which vested in her, and (c) savings bank accounts in the form of Totten trusts which passed at death to the widow and to the children, Beverly and Horace.

The Surrogate holds that the directions contained in the will precluding apportionment were clearly confined to taxes upon the testamentary benefits. The testator did not intend that the other transfers above stated were to be relieved of their fair and equitable share of the estate taxes.

There are two separate lines of decisions dealing with this subject. The first group includes those sustaining apportionment and construing wills containing clauses of similar general context to that involved here. They are *Farmers' Loan & Trust Co.* v. *Winthrop* (207 App. Div. 356, affd. 238 N. Y. 488) ; *Matter of Rogers* (249 App. Div. 238, leave to appeal denied, 273 N. Y. 680) ; *Matter of Ryan* (178 Misc. 1007) ; *Matter of Corlies* (174 Misc. 459) ; *Matter of Kaufman* (170 Misc. 436) ; *Matter of Pennock* (172 Misc. 10, revd. on other grounds, 260 App. Div. 181) ; *Chase National Bank* v. *Tomagno* (172 Misc. 63).

In the second line of cases the wills contained a general and effective direction charging the residuary estate with all forms of taxation and in which the testator dispensed with an apportionment of taxes. They are *Matter of Aldrich* (259 App. Div. 162); *Matter of David* (New York Law Journal, Nov. 17, 1941, p. 1530); *Matter of Henderson* (New York Law Journal, April 17, 1942, p. 1626); *Matter of Lurie* (New York Law Journal, Nov. 22, 1940, p. 1655); *Matter of Gibbs* (New York Law Journal, Dec. 12, 1942, p. 1876).

The will here comes within the first group, and apportionment against the moneys received under nontestamentary transfers must be decreed. Within this group of cases, *Matter of Rogers* (*supra*) is significant of the trend of the courts. There, the testator disposed of his individually owned property in portions of his will. In it he also exercised a power of appointment given to him by his father. The material paragraph of his will read, "I direct that all inheritance, transfer, legacy, succession or similar duties or taxes which shall become payable in respect of any property or interest passing under this my last will and testament or any codicil hereto I may make hereafter, shall be paid out of the capital of my residuary estate." This mandate was held to contemplate an intention on the part of the testator to charge the taxes on his individual bequests out of the residue of his individually owned property. On the other hand, taxes on the transfers arising out of the exercise of the power of appointment were to be charged out of the appointed property in the donor's estate.

In *Matter of Ryan* (*supra*) the language of the will read, "I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate and shall not be charged against any of the specific bequests, legacies or devises herein made." The closing phrase of this paragraph is, in substance, identical with the phrase used by Max Kalik, the testator here. I held in that case that it was the intention of the testatrix that the payment of the taxes out of the residuary estate be limited to the benefits under the will. The recipients of the proceeds of annuity contracts were determined not to be within the exemption granted by the testatrix and they were required to bear their proportionate share of the Federal estate taxes upon those forms of succession.

In the present situation, if the testator had stopped with the first part of the paragraph reading as follows: "I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my estate and deducted as an expense of

administration thereof,'' all estate taxes levied upon every form of transfer would be charged out of the testamentary estate. (*Matter of Aldrich, supra.*) He went further, however, with the significant and controlling limitation, '' without any proration among any of the legatees herein named.'' That phrase demonstrates clearly that the testator intended only to free those taking under the will from bearing the burden of the taxes.

It was within his power to direct that no apportionment be made against the beneficiaries of insurance policies and those under the special forms of bank accounts. His omission to mention such beneficiaries is significant of an intent that they should not be exempt from the burden of paying their taxes on such transfers. My decisions in *Matter of David* (*supra*); *Matter of Henderson* (*supra*) and *Matter of Lurie* (*supra*) have no application here because of the very strong differentiation of meaning in the language involved in those proceedings and that involved in the present proceeding.

The argument of those who contend against apportionment of taxes on nontestamentary transfers, because the widow and children were named as legatees in the will, is entirely lacking in merit. Since exemption from the burden of the tax was limited solely to benefits taken under the will, it is immaterial that some of the legatees therein named also receive property independently of the will. As to the latter property, those transferees must bear their equitable share of the taxes.

Section 124 of the Decedent Estate Law, requires an equitable apportionment of the estate taxes among the persons interested in the estate, '' except in a case where a testator otherwise directs in his will.'' That direction must be reasonably clear. The Surrogate is of the opinion that no such contrary direction is contained in the testator's will here in respect of taxes on nontestamentary transfers and that a failure to apportion taxes on such transfers would destroy his purpose.

[Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.]

Decreed accordingly.