In the Matter of the Estate of ALICE G. VANDERBILT, Deceased.

Surrogate's Court, New York County, January 27, 1943.

*Roy C. Gasser* and *William H. Hayes* for Flora W. Miller and Frank L. Crocker, as executors of Gertrude V. Whitney and another, deceased, and Frank L. Polk and another, as executors of Cornelius Vanderbilt, deceased, petitioners.

*Leo Gottlieb* and *Frank G. Longnecker* for Gladys Szechenyi, respondent.

*Horace R. Lamb* and *Thomas F. Fennell* for Cathleen V. Arostegni, respondent.

*Thomas B. Gilchrist,* in person, and *Hampton D. Ewing, Jr.,* for Thomas B. Gilchrist, as general guardian of Gloria V. De Cicco, respondent.

*Leslie D. Dawson* and *McDonald E. Wrenn* for Guaranty Trust Company and others, respondents.

*Sinclair Hamilton* and *Einar B. Paust* for G. Vanderbilt Stevens, respondent.

*Morris L. Ernst* and *Samuel J. Schur* for Cornelius Vanderbilt, Jr., respondent.

*Thomas I. Sheridan* and *Gertrude M. Glennon,* special guardians of infant remaindermen.

FOLEY, S. In this accounting proceeding of the executors various questions were presented in the petition as to the funds out of which the New York estate taxes should be charged. The testatrix, Alice G. Vanderbilt, was given a special and limited power of appointment under the terms of the will of her husband, Cornelius Vanderbilt, over the principal of a fund approximating $6,000,000 of which she was the life tenant. In her will she appointed various shares of this fund to her children and to the issue of her two deceased sons. She was also given the power of appointment over certain real property, with the contents of the buildings, located at Newport, Rhode Island, which she exercised in favor of one of her daughters.

Cornelius Vanderbilt died September 12, 1899. The testatrix here died on April 22, 1934.

In a prior proceeding brought on by an appeal from the *pro forma* order fixing the estate tax in this estate, the constitutionality of the applicable provisions of our State Tax Law was attacked by the objectants here. It was there contended that

subdivision 7-a of section 249-r of article 10-C was violative of both the State and Federal Constitutions since the State had attempted without due process to impose a tax in the estate of the donee based upon her exercise of a limited power of appointment.

In my decision I overruled these contentions and sustained the constitutionality of the statute. (*Matter of Vanderbilt,* 163 Misc. 667.) The order was affirmed by the Appellate Division without opinion. (255 App. Div. 776.) The Court of Appeals likewise affirmed. (281 N. Y. 297.) On appeal, the Supreme Court of the United States affirmed and sustained the constitutionality of the taxing statute (*sub nom. Whitney* v. *State Tax Commission of New York,* 309 U. S. 530).

The unsuccessful parties again, in the pending proceeding, attempt to avoid the charging of the estate taxes out of their shares of the appointed property. Their contentions are based upon other grounds which are equally untenable in the face of well-established law and the clear and explicit terms of the donee's will.

The executors in their account, in accordance with the terms of the will of the donee and of section 124 of the Decedent Estate Law, set forth carefully prepared computations showing the amount of the pecuniary benefits received by each of the appointive legatees and by the appointive devisee with their recommendation for the allocation of the estate taxes against these respective beneficiaries. The amount paid for the New York estate taxes and interest thereon in relation to the value of the appointed fund was $790,386.70. The amount of taxes paid to the State of Rhode Island on the appointed devise and bequest of the property located there was allocated to the appointee in the sum of $13,986.98.

The exercise of the power of appointment by Mrs. Vanderbilt was expressly set forth in paragraphs second and third of her will. Out of the appointed trust fund created by the seventh and eighth clauses of the donor's will she gave $150,000 to her daughter, Gertrude Vanderbilt Whitney. She gave $500,000 to the issue of her deceased son, Alfred G. Vanderbilt. She disposed of one third of the balance by a gift to the issue of her deceased son, Reginald C. Vanderbilt. They are his daughters, Cathleen Vanderbilt Arostegni and Gloria L. M. Vanderbilt De Cicco. The remaining two thirds she appointed to her daughter Countess Gladys Szechenyi. She also appointed the real and personal property in Rhode Island covered by the fourth clause of her husband's will to her daughter Gladys.

In the plan of apportionment recommended by the executors in their account they have properly excluded the charging of any taxes in the estate of the donee as to the appointed property given to Mrs. Whitney and to the issue of Alfred G. Vanderbilt. In my prior decision in *Matter of Vanderbilt* (163 N. Y. 667, *supra*, at pp. 670, 671) I held that the amounts payable to these designated legatees under the exercise of the power were less than they would have received had the power not been exercised. It was their privilege, therefore, to elect to take under the will of the donor and not under the exercise of the power of the donee. I held, however, that their appointive legacies did not escape taxation for they became taxable in the estate of the donor under the applicable transfer tax law in effect at his death.

The executors have, therefore, properly confined their proposed allocation to the other appointees.

The residue of her individual property was given in trust for the benefit of her son, General Cornelius Vanderbilt, for life with remainder to his issue.

In opposition to the method of apportionment recommended by the executors, the objectants, in their answers and cross petitions, have raised certain contentions.

(1) They assert primarily that all of the taxes which were levied by the States of New York and Rhode Island on the passing of the appointed remainder interests must be charged out of the residuary estate of Cornelius Vanderbilt, the donor of the power, under a clause of his will which gave direction for the payment of the taxes out of his general estate.

(2) In the alternative they contend that the terms of the will of the donee must be invoked as an expression of testamentary intent on her part that the taxes paid to New York and Rhode Island were to be charged out of the residuary estate of the donor.

(3) If the Surrogate should reject their first and second contentions and hold that the taxes are not payable out of the estate of the donor, the objectants contend in the alternative that the thirteenth clause of the will of the donee is a direction which, under section 124 of the Decedent Estate Law, prohibits the allocation to the three appointees of any of the New York estate tax in respect of the appointed remainder interests. That clause contained a general direction to pay taxes out of the estate, but attached to it was an exception of all property devised or bequeathed to her by the will of her husband and over which she had exercised the power. The exact terms of this limiting clause are hereinafter set forth.

(4) Under the third contention just stated the objectants make a temporary concession that the exception in the thirteenth clause applied by its terms only to the passing of property located in Rhode Island which was appointed to one of the daughters. But even as to the allocation of the taxes upon the succession to this property, they withdraw the concession and claim exemption on the ground that the taxes must be charged against the appointee because of the operation of the law of the State of Rhode Island.

In opposition to the position of the objectants, the executors of the estate of the donee, and other parties associated in interest with them, assert that the disposition of these questions may be solved in simple fashion. They argue that, under principles of law clearly established by recent decisions of the Court of Appeals, no part of the taxes on the appointed property may be charged out of the donor's estate; that the donee clearly and explicitly provided for the payment of taxes on the passing of her individual property out of the residue of her individual estate and that she has expressly directed that the taxes assessed by both New York and Rhode Island upon the appointed property were to be charged against the appointees in proportion to their respective benefits.

All of the contentions of the objectants are overruled.

The method of apportionment and charging of the taxes and interest recommended by the executors in their account is approved and adopted by the Surrogate.

Upon the primary point raised by the objectants that Cornelius Vanderbilt, the donor of the power, intended that the taxes in any form arising upon the succession to the appointed property should be charged out of the residue of his estate, the Surrogate finds no evidence of such an intent in the language of his will. He must be deemed to have planned that only the taxes payable out of his own estate should be charged out of the residue.

The decisions of the Court of Appeals in *Matter of Duryea* (277 N. Y. 310) and *Matter of Sandford* (277 N. Y. 323) are directly controlling here. In those related cases similar contentions were made and overruled and the taxes on the passing of the appointed property held to be proper charges against the appointed property in the donee's estate, and not chargeable out of the donor's estate. In the former case Mrs. Duryea was the donor of a power exercised by her sister, Lisa Sandford. The will of the donor contained a direction for the payment of taxes almost identical with that contained in the will of

Cornelius Vanderbilt, the donor here. She provided: " I direct that all transfer inheritance and estate taxes be paid out of my residuary estate, and that all the foregoing gifts, legacies and devises shall be free from and without deduction of any such taxes thereon." The Court of Appeals found an expression of intent on her part that all taxes assessed on account of gifts, legacies and devises made by her and payable out of her estate should be charged out of her residuary estate. It held that the direction would likewise apply to such taxes payable out of her estate under powers of appointment given by her. A differentiation of purpose, however, was found as to taxes levied in the donees' estates under the provisions of article 10-C of the Tax Law. In the opinion of the majority of the court, written by Judge HUBBS, the distinction was stressed: " The question is whether it is either necessary or proper to assume it to have been her intention to make payable out of her residuary estate taxes which pursuant to statute would otherwise be assessed in the estate of the donee of a power granted in her will. We believe not. To so assume would necessitate basing the tax on a law totally different from the law applicable when the will was drawn or during the lifetime of the grantor of the power. Under the order of the Appellate Division, the tax assessable had been held to be against the estate of the donee under article 10-C enacted after the death of the donor, but it is made payable out of the estate of the donor, to which is applicable the provisions of the prior law. No such result could have been contemplated by the donor or is to be inferred as her intent from the language used."

The opinion made the further observation: "Article 10-C is in no wise applicable to the estate of Ellen W. Duryea or to any property passing under her will. It is not to be presumed from the language used by the testatrix that she intended to subject property passing under her will to a tax of an entirely different nature from the tax which would by law be applicable to her estate and transfers therein. The language used does not require the conclusion that she intended that her residuary estate should be subject to a tax applicable to the estate of the donee of the power, especially where the power was not exercised in such a manner as to make it taxable by law in the estate of the donee. The reasonable interpretation of clause 9 is that she intended only that the tax upon transfers made by her and taxable in her estate should be paid out of her residuary estate." (*Matter of Duryea*, 277 N. Y. 310, at pp. 317, 320.)

In *Matter of Sandford* (*supra*), the companion case to *Matter of Duryea* (*supra*), Mr. Surrogate DELEHANTY held that the taxes assessed upon the appointed property were chargeable out of the estate of Lisa W. Sandford, the donee of the power, and not out of the estate of Ellen W. Duryea, the donor. (160 Misc. 898.) His determination was affirmed by the Court of Appeals (277 N. Y. 323, *supra*) upon the authority of its decision in *Matter of Duryea* (*supra*).

The objectants here attempt to distinguish the terms of the will and the circumstances in the pending proceeding from those in the *Duryea* and *Sandford* cases. Their arguments are without force or logical support. The language of the will of Cornelius Vanderbilt in his direction for the payment of inheritance, estate and transfer taxes is similar in substance to that contained in the will of Mrs. Duryea. It is immaterial whether the power was general as in *Matter of Duryea* and taxability arose because of the provisions of subdivision 7 of section 249-r of the Tax Law, or whether, as here, the power was limited and special and taxability was created by subdivision 7-a of that section.

The method of treatment of the source of the payment out of the donee's estate is the same. No special circumstance or differentiation has been shown in the pending estate to justify a departure from the *Duryea* and *Sandford* decisions.

As to the second point raised by the objectants, that under the terms of the will of the donee it was intended by her that the taxes paid on the appointed property should be charged out of the residuary estate of the donor, I find no evidence of any such purpose in her will. Her husband gave her a power to appoint the property to beneficiaries selected by her. He did not make her his agent to charge the taxes upon the appointed property against any other part of his own estate. His residue vested long ago in one of his sons and by reason of the latter's death the property is now held in trust for his designated beneficiaries. The author of this decision has had occasion to examine many thousands of wills not only in this court but those that have been subject of construction by decisions of other tribunals. So far as recollection serves, no testator or draftsman ever conceived the plan which the objectants attribute to Mr. Vanderbilt. If his will had expressly authorized the charging of the taxes on this appointed property out of the residuary estate by action of his donee, his purpose could be effectuated. He did not do so. Even if his widow had attempted to direct payment, in the absence of express authority from him, it would have

been an idle and futile gesture. The fact is, however, that she did not do so.

Upon the third point raised by the objectants as to the interpretation of the directions contained in the will of Alice G. Vanderbilt, her intent and purpose concerning the method and source of charging the taxes are clear. Her mandate to her executors was that taxes levied upon her individually owned property should be charged out of her residuary estate. Any taxes assessed upon the passing of the appointed property were to be borne proportionally by the appointees of the appointed fund. It is extremely significant that she added a clause of limitation to her general direction for the payment of taxes out of the residue. It reads: " * * * excepting and excluding, however, all property, devised or bequeathed to me by the will of my husband in respect to which I have exercised a power of appointment or of testamentary disposition given to me by said will." Her command applied to all of the property, personal and real, over which she had a power of appointment under her husband's will. It does not admit of any narrow interpretation that it was intended to be confined to the specifically appointed property located in Rhode Island. Her purpose may not be distorted by any strained construction.

The effectiveness and legality of the general plan of Mrs. Vanderbilt to provide for the payment of the taxes on the individual property bequeathed by her out of the general or residuary estate, with a contrary direction for payment of the taxes on the appointed successions out of such benefits, have been the subject of construction of similar wills in many recent decisions. These cases cover a direction for charging the taxes not only out of the appointed property, but also out of funds which are taxable because of the creation of trusts by *inter vivos* deeds or in the form of insurance moneys or joint savings bank accounts with survivorship or other similar forms of transfers. In many of these cases the expression of intent was not nearly so emphatic as was made in Mrs. Vanderbilt's will. Thus in *Matter of Rogers* (249 App. Div. 238, affg. 159 Misc. 86, leave to appeal denied 273 N. Y. 680), Henry H. Rogers was the donee of the power created under the will of his father, Henry H. Rogers, Sr. He directed that all inheritance and similar taxes be paid out of his residuary estate, "in respect of any property or interest passing under this my last Will and Testament or any codicil hereto." He did not mention the method of paying taxes as to property passing under his power of appointment. He exercised that power over a very extensive amount of prop-

erty in his father's estate. The Surrogate, and the Appellate Division in its affirmance, held that he intended by clear inference to exclude from his general direction, just quoted, the payment of any taxes upon the passing of the appointed property. The distinction between individually owned property and the appointed estate as separate entities was held to be plainly indicated by the donee.

Other decisions where similar conclusions have been reached may be found in *Matter of Ryan* (178 Misc. 1007); *Matter of Corlies* (174 Misc. 459); *Matter of Kaufman* (170 Misc. 436); *Matter of Pennock* (172 Misc. 10, revd. on other grounds 285 N. Y. 475); *Chase National Bank* v. *Tomagno* (172 Misc. 63); *Matter of Feist* (N. Y. L. J. May 27, 1940, p. 2411).

The testamentary plan of Mrs. Vanderbilt for the apportionment of taxes as between the dispositions of her individual property and the appointed property is also emphasized by the solicitude shown for her son Cornelius and his issue by the residuary bequest for their benefit. The tentative amount of that trust is $1,800,000. If the construction urged by the objectants that such fund bear the taxes on the appointed property it would be reduced by $800,000, or approximately forty-four percent. There is not the slightest indication in her will of any such purpose. Her express command is directly to the contrary. (*Matter of Rogers*, 249 App. Div. 238, affg. 159 Misc. 86, leave to appeal denied 273 N. Y. 680, *supra*.)

The Surrogate holds upon the fourth point of the objectants that the taxes paid to the State of Rhode Island by the executors are properly chargeable against the appointed benefit to Countess Szechenyi. The law of Rhode Island as to the source of the payment of taxes is immaterial. We are dealing with the construction of expression of intent contained in the will of a New York resident and with the administration of her estate. Our law alone is applicable. Under it there is complete freedom vested in the maker to direct the source of the payment of any and all taxes. Mrs. Vanderbilt did so in her will. The executors have advanced the moneys for the payment of the Rhode Island taxes from the general estate. Because of the terms of the will they cannot be charged out of the general or residuary estate. Reimbursement by the appointed beneficiary must be decreed.

While the question of apportionment of the taxes was not before the Court of Appeals on the issue of the constitutionality of the Tax Law (*Matter of Vanderbilt*, 281 N. Y. 297, *supra*) it is extremely significant that the opinion of Judge (now Chief

Judge) Lehman, written for a unanimous court, contained a specific reference to it. He wrote (at p. 315): " Though the tax is paid out of the estate of the decedent, the Decedent Estate Law (Cons. Laws, ch. 13) provides that the tax so paid ' shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.' (§ 124.) We may, therefore, properly assume that Mrs. Vanderbilt's appointees will ultimately bear the main burden of the tax in proportion to the property received."

As the testatrix died after the effective date of the enactment of section 124 of the Decedent Estate Law, the equitable method of apportionment of the taxes which is proposed by the executors must be adopted. Each of the appointed beneficiaries must bear his or her just share proportionally to the benefits derived.

Submit decree on notice construing the will and settling the account accordingly.