In the Matter of the Estate of FRANCES T. STANLEY, Deceased.

Surrogate's Court, New York County, June 15, 1945.

*Davis Polk Wardwell Sunderland & Kiendl* for New York Trust Company, as executor, petitioner.

*Walter P. Pfeiffer* for Ernest G. Stanley, respondent.

*Charles F. Fish,* attorney designated by Alien Property Custodian for Claude de Las Cases and others, persons within enemy-occupied territory, respondent.

*George Frankenthaler,* special guardian for Susan F. Stanley and others, infant contingent remaindermen.

*Pliny W. Williamson,* special guardian for unborn infant issue of Jane E. Stanley and others, remaindermen.

FOLEY, S.   In this executor's accounting a construction of the will is asked to determine whether or not the corpus of an *inter vivos* trust created by the testatrix in her lifetime, which was included by the Federal Government in the gross taxable estate, must bear its proportionate share of the Federal estate taxes, pursuant to the provisions of section 124 of the Decedent Estate Law.

By a trust indenture, dated May 19, 1914, the testatrix, as donor, conveyed property to a corporate trustee, in trust, reserving to herself for life the income thereof and directing the trustee on her death to pay the corpus of the fund to such person or persons as she might by last will and testament appoint.   In the eighth paragraph of her will the testatrix specifically referred to the trust fund and her power of appointment and directed that upon her death the fund become part of her residuary estate. The sixth paragraph of the will directs that all transfer and inheritance taxes " in respect of any property of mine wheresoever situate   *   *   *   shall be paid from my American residuary estate."

I hold that the corpus of the trust fund must bear its proportionate share of the Federal estate taxes.

The general rule in this State is that property, appointed by the will of a donee of a power of appointment, passes under the instrument creating the power and not under the will of the donee.   The persons take their interest under and by virtue of the instrument which creates the power as if their names were in the grant of power.   In such circumstances the estate taxes resulting from the inclusion of the appointive fund in the gross taxable estate of the donee of the power are payable out of the fund.   (*Matter of Rogers,* 159 Misc. 86, affd. 249 App. Div. 238, motion for leave to appeal denied, 273 N. Y. 680; *Matter of Vanderbilt,* 180 Misc. 431, affd. 269 App. Div. 820.)   This equitable rule of apportionment must be applied " except in a case where a testator otherwise directs in his will ".   (Decedent Estate Law, § 124.)   No such direction is present in the will of this testatrix.   The words " in respect of any property of mine " can in no sense be held to include property over which she possessed the power of appointment.   It is only as to property owned by the testatrix at her death that the burden of the taxes was charged to her residuary estate.   The *inter vivos* fund was no longer her own property, since she disposed of it years ago when she conveyed title to the fund by the trust indenture.

Furthermore, it clearly appears that the testatrix intended the corpus of the *inter vivos* trust to bear its proportionate

share of all estate taxes. In the eighth paragraph of her will she directed that the corpus of the *inter vivos* trust become part of her residuary estate. In the sixth paragraph she charged that residuary estate as augmented by the appointive fund with the payment of all estate taxes. The testatrix could have employed no clearer method of expressing her intent to charge the appointive fund with its proportionate share of the estate taxes.

After the special guardians have filed their respective reports, if no objections are filed to the account, a decree may be submitted on notice construing the will and settling the account.