In the Matter of the Construction of the Will of EUGENE HIGGINS, Deceased. UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of and Trustee under the Will of EUGENE HIGGINS, Deceased, et al., Appellants; HELENE R. CHAPELLE et al., Respondents.

VAN VOORHIS, J. (dissenting). The testator created *inter vivos* trusts in 1925 and 1931, which are part of his taxable estate. In determining whether estate taxes resulting from *inter vivos* trusts should be borne entirely by the testamentary estate, or equitably apportioned among the trusts, it is not possible to engage in a speculative inquiry concerning what the testator might have done if he had known that this problem would arise. His intention must be found in the language of the will. Otherwise, apportioning the burden among *inter vivos* trusts would be decreed in some cases but not in others, although the language of the will were the same, depending upon the comparative intimacy of the relationship between the testator and the beneficiaries of his *inter vivos* trusts and his residuary legatees. Such a test is too subjective to be applied; at best, it leaves the testator's intention but inconclusively established. The estate taxes are to be apportioned under section 124 of the Decedent Estate Law, unless the will contains a clear direction that the entire tax burden be paid from the residuary testamentary estate. If the will be ambiguous in this regard, an equitable proportion of the estate taxes is to be prorated among the *inter vivos* trusts (*Matter of Mills*, 272 App. Div. 229, affd. 297 N. Y. 1012). The eleventh paragraph of Mr. Higgins' will states: "I direct my Executors out of my

general estate to pay and discharge all legacy, succession, inheritance or transfer taxes which may be assessed upon my estate or any part thereof, or upon the property or legacies or annuities given by this my Will, *and that all such legacy, succession, inheritance and transfer taxes shall be paid out of my general estate and not out of any legacy given by this my Will, all legacies and annuities being free and clear of all such taxes."* (Italics supplied.)

If the italicized words had been omitted from the paragraph just quoted, the will would have contained a direction to the executors to pay all of such taxes imposed with respect to his taxable estate; but under decisions such as *Matter of Ryan* (178 Misc. 1007, affd. 265 App. Div. 1051, motion for leave to appeal denied 290 N. Y. 933); *Matter of Kalik* (179 Misc. 872, 873-874); and *Matter of Lemmerman* (199 Misc. 49) the addition of verbiage similar to that italicized above has been held to show that the testator intended to free only those taking under the will from bearing the burden of the taxes, or, at least, the addition of such words has been held to involve the meaning in such uncertainty as to cause section 124 of the Decedent Estate Law to prevail.

In *Matter of Ryan* (*supra*) the material portion of the will read: "I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate and shall not be charged against any of the specific bequests, legacies or devises herein made."

In *Matter of Kalik* (*supra*) the pertinent language of the will was: " I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my estate and deducted as an expense of administration thereof without any proration among any of the legatees herein named."

In *Matter of Lemmerman* (*supra*), the will read: " I order and direct that all transfer, succession and inheritance taxes be paid out of my general estate, so that the same shall not be chargeable to, or paid by, any devisee or legatee herein named."

The controlling effect of the italicized verbiage in Mr. Higgins' will is apparent from the opinions of Surrogate FOLEY in *Matter of Ryan* and in *Matter of Kalik* (*supra*).

In *Matter of Kalik* he stated as follows (pp. 873–875):

" There are two separate lines of decisions dealing with this subject. The first group includes those sustaining apportionment and construing wills containing clauses of similar general context to that involved here. They are *Farmers' Loan & Trust Co.* v. *Winthrop* (207 App. Div. 356, affd. 238 N. Y. 488); *Matter of Rogers* (249 App. Div. 238, leave to appeal denied, 273 N. Y. 680); *Matter of Ryan* (178 Misc. 1007); *Matter of Corlies* (174 Misc. 459); *Matter of Kaufman* (170 Misc. 436); *Matter of Pennock* (172 Misc. 10, revd. on other grounds, 260 App. Div. 181); *Chase National Bank* v. *Tomagno* (172 Misc. 63).

" In the second line of cases the wills contained a general and effective direction charging the residuary estate with all forms of taxation and in which the testator dispensed with an apportionment of taxes. They are *Matter of Aldrich* (259 App. Div. 162); *Matter of David* (New York Law Journal, Nov. 17, 1941, p. 1530); *Matter of Henderson* (New York Law Journal, April 17, 1942, p. 1626); *Matter of Lurie* (New York Law Journal, Nov. 22, 1940, p. 1655); *Matter of Gibbs* (New York Law Journal, Dec. 12, 1942, p. 1876).

\* \* \*

" In *Matter of Ryan* (*supra*) the language of the will read, ' I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate and shall not be charged against any of the specific bequests, legacies or devises herein made.' The closing phrase of this paragraph

is, in substance, identical with the phrase used by Max Kalik, the testator here. I held in that case that it was the intention of the testatrix that the payment of the taxes out of the residuary estate be limited to the benefits under the will. The recipients of the proceeds of annuity contracts were determined not to be within the exemption granted by the testatrix and they were required to bear their proportionate share of the Federal estate taxes upon those forms of succession.

"In the present situation, if the testator had stopped with the first part of the paragraph reading as follows: 'I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my estate and deducted as an expense of administration thereof,' all estate taxes levied upon every form of transfer would be charged out of the testamentary estate. (*Matter of Aldrich, supra.*) He went further, however, with the significant and controlling limitation, 'without any proration among any of the legatees herein named.' That phrase demonstrates clearly that the testator intended only to free those taking under the will from bearing the burden of the taxes."

The decree appealed from should be modified so as to direct that the estate taxes should be apportioned pursuant to section 124 of the Decedent Estate Law and, as so modified, affirmed, with costs payable out of the estate to all parties appearing herein and filing briefs.

Peck, P. J., Glennon and Shientag, JJ., concur in decision; Van Voorhis, J., dissents and votes to modify in opinion in which Callahan, J., concurs.

Decree affirmed, with costs to all parties appearing separately and filing briefs payable out of the estate. There is enough in the record to indicate that the testator intended the personal provision for Helene Roger Chapelle to be relieved of tax invasion and the entire tax burden on his estate to be borne by the more impersonal residuary.