In the Matter of the Application of SPENCER W. ALDRICH and BANKERS TRUST COMPANY, as Executors of the Last Will and Testament of SPENCER ALDRICH, Deceased, Late of Bay Shore, Suffolk County, New York, for an Apportionment of Federal and State Estate Taxes in His Estate under the Provisions of Section 124 of the Decedent Estate Law of the State of New York and Also for a Construction of His Said Will under the Provisions of Section 145 of the Surrogate's Court Act of the State of New York.

EDGAR F. HAZLETON, Special Guardian for MILLICENT CLARKE, JEANNETTE AUSTIN PALMER, WINTHROP ALDRICH HUMPHREY and ROBERT TALCOTT DEPREE, Infants, and SPENCER W. ALDRICH and BANKERS TRUST COMPANY, as Trustees, Appellants; SPENCER W. ALDRICH, Individually, LOUISE A. MEISSNER, MARY ALDRICH FRASER, HELEN H. CLARKE, and SPENCER W. ALDRICH and BANKERS TRUST COMPANY, as Executors, etc., of SPENCER ALDRICH, Deceased, Respondents.

Second Department, March 18, 1940.

*Edgar F. Hazleton*, special guardian [*David Glickman* with him on the brief], for the infant appellants.

*Maurice E. McLoughlin*, for the appellants Spencer W. Aldrich and Bankers Trust Company, as trustees, etc.

*John W. Collopy, Jr.*, for the respondents Spencer W. Aldrich, individually, Louise A. Meissner, Mary Aldrich Fraser, Helen H. Clarke, Maude H. Matthews and Lillian Aldrich, wife of Spencer W. Aldrich.

*Stephen J. McGarrigle*, for the respondents Spencer W. Aldrich and Bankers Trust Company, as executors, etc., of Spencer Aldrich, deceased.

PER CURIAM.   Proceeding to construe a will in so far as it provides for the payment of taxes.

During his life the testator entered into agreements whereby he became the settlor of two trusts, with provisions made for the disposition of the trust properties after his death.   By his will he provided for the disposition of all his other property.   The will directs the payment of various taxes from the residuary estate. One of the trust agreements provides that if the estate is unable to pay the taxes they may be paid from that trust.   Upon the executors' petition for construction under section 124 of the Decedent Estate Law, the surrogate directed that taxes be prorated among the two trusts and the residuary estate.

The will provides:

" *Seventeenth.* I hereby order and direct that all legacy transfer inheritance succession or estate taxes which may be assessed or imposed upon any of the gifts legacies devises or provisions contained in this my Will or upon my Estate shall be paid by my Executors out of and charged against the principal of my residuary estate as an expense of administration."

The testator was an attorney and presumably knew the law. The law provides (Tax Law, § 249-r) that not only the property passing by will but that which is in the form of *inter vivos* trusts in which a decedent had any interests is to be considered as the decedent's estate for tax purposes. In the first trust the decedent had an interest because he has reserved to himself the receipt of income therefrom during his life; and in the second trust because it was created less than two years prior to death. The stipulated facts show that the tax actually was imposed and computed as provided by statute.

It is reasonably clear that the intention of the testator in using the words " or upon my Estate " in paragraph " Seventeenth " of the will, following the designation of various taxes, was that all taxes, including those assessed by reason of his relation to the trusts, should be paid out of the residuary estate; and we so hold. This is confirmed by the provisions of the second paragraph of the second trust agreement in which the " individual estate " is distinguished from " my estate." We have reached our conclusion by an interpretation of the will and the surrounding circumstances, but without consideration of the testimony of the witness Eddy as to statements of intention made by the testator before executing the will and the second trust agreement, as we hold that that testimony is not admissible.

The decree, in so far as appealed from, should be reversed on the law, with costs to all parties filing briefs, payable out of the residuary estate, and the matter remitted to the Surrogate's Court for the entry of a decree providing that all taxes be paid from the residuary estate.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Decree of the Surrogate's Court of Suffolk county, in so far as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the residuary estate, and the matter remitted to the Surrogate's Court for the entry of a decree providing that all taxes be paid from the residuary estate.

Settle order on notice.