In the Matter of the Will of ALEXANDER BERGER, Deceased.

Surrogate's Court, New York County, April 28, 1944.

Alfred S. Forsyth for Chase National Bank of the City of New York and another, as executors, petitioners.

Dudley Miller for Chase National Bank of the City of New York, as trustee under *inter vivos* trusts, and another, respondents.

George B. Francis for Charles S. Berger and another, individually, respondents.

Philip J. Dunn, special guardian for Carol S. Berger and others, infants.

FOLEY, S. Various questions were raised in this proceeding brought (1) for the construction of the will, (2) for instructions to the executors and trustees and (3) for the judicial settlement of their account as executors.

The testator died a resident of the District of Columbia on April 11, 1940. His will was admitted to probate in an original proceeding in this court.

The principal dispute involves the question as to whether the Federal estate taxes are to be apportioned equitably between the residuary estate and four *inter vivos* trusts created by the testator or are to be paid exclusively out of the residuary estate. The values of the *inter vivos* funds in an amount reached by adjustment between the Government and the executors were included in the gross taxable estate and the taxes paid thereon.

The executors and various persons interested in the residuary estate contend that the taxes should be apportioned against the *inter vivos* funds. The trustees of these funds argue against apportionment and urge that either under the law of the District of Columbia or the law of New York or under the express mandate contained in the testator's will, such apportionment is not justified. The contentions of the executors and persons interested in the residuary estate are overruled and those of the *inter vivos* trustees sustained.

The Surrogate holds that no apportionment of the Federal estate taxes can be made. The law of the District of Columbia, the domicile of the testator, contains no plan for the alloca-

tion of Federal estate taxes similar to the provisions of section 124 of our Decedent Estate Law. In *Hepburn* v. *Winthrop* (83 F. 2d 566) in the estate of a person domiciled in the District of Columbia, the Federal estate taxes were held to be payable out of the general estate similarly to an expense of administration. In that case dispute arose as to whether the Federal estate tax, which was paid by the executors, could be charged in part against the beneficiaries of certain devised real estate located in New York or entirely out of the personal property administered by the executors in the District of Columbia. The court held that because of the absence of any contrary direction in the will and because of the operation of the Federal Revenue Act of · 1918 (§§ 404, 407, 409; 40 U. S. Stat. 1099), which required the executors to pay the tax before distribution, and because no statute of the District of Columbia provided to the contrary, the entire tax was required to be paid by the executors out of the personal estate without allocation against the beneficiaries of the real estate.

The same rule applied in New York as a matter of case law until the effective date of the enactment of section 124 of the Decedent Estate Law, on September 1, 1930. (*Riggs* v. *del Drago,* 317 U. S. 95, revg. *Matter of del Drago,* 287 N. Y. 61 and affg. 175 Misc. 489.)·

If the will of the testator here is to be construed under the law of the District of Columbia and the intent of the testator found, determination is required to be made that paragraph fifth contained a direction for the payment of the Federal taxes exclusively out of the residuary estate. It reads: " I direct that all inheritance taxes and other death or succession duties be paid by my executor hereinafter named, out of the residuary estate." By that mandate the testator defined the fund which was to bear all the charges for taxes upon testamentary or nontestamentary successions. As a matter of interpretation of his intent, therefore, any allocation of the Federal estate taxes was prohibited.

It is urged, however, by the executors and those interested in the residuary estate that the testator intended that the law of New York should apply to his will and specifically that the provisions of section 124 of the Decedent Estate Law require an allocation against the *inter vivos* transfers. These contentions are also without foundation. It is the opinion of the Surrogate that, upon this phase of construction, the testator did not intend that our law should apply to the apportionment of taxes. A nonresident testator may declare in his will that he elects that

his testamentary dispositions shall be construed and regulated by the laws of our State, and in such case their validity and force must be so determined. (Decedent Estate Law, § 47; *Matter of Ryan,* 178 Misc. 1007, 1009.) There is no such clear or explicit declaration or election contained in this will. Aside from the allocation of taxes, there are indications that our law shall apply to the devolution of parts of the remainders of the residuary trust in certain contingencies.

However, even if the testator intended that section 124 of the Decedent Estate Law should be employed to ascertain the source of the payment of the Federal taxes, the broad mandate contained in paragraph fifth of the will, quoted above, would constitute a stipulation against apportionment of any such taxes under the terms of section 124. (*Matter of Aldrich,* 259 App. Div. 162; *Matter of Rice,* N. Y. L. J., Oct. 1, 1943, p. 760, col. 6; *Matter of Sicher,* N. Y. L. J., Aug. 11, 1943, p. 290, col. 7; *Matter of Weinstein,* N. Y. L. J., March 16, 1940, p. 1213, col. 2; *Matter of Lurie,* N. Y. L. J., Nov. 22, 1940, p. 1655, col. 3; *Matter of Weeks,* N. Y. L. J., March 12, 1941, p. 1121, col. 6; *Matter of David,* N. Y. L. J., Nov. 17, 1941, p. 1530, col. 7; *Matter of Henderson,* N. Y. L. J., April 17, 1942, p. 1626, col. 4; *Matter of Gibbs,* N. Y. L. J., Dec. 12, 1942, p. 1876, col. 2; *Matter of Seeley,* N. Y. L. J., Oct. 27, 1943, p. 1102, col. 3; *Matter of James,* 180 Misc. 441, affd. 267 App. Div. 761; *Matter of Hund,* 266 App. Div. 379; *Matter of Kaufman,* 170 Misc. 436.)

In *Matter of Aldrich* (*supra*) the language of the will was similar in substance to that involved here. It read: " I hereby order and direct that all legacy transfer inheritance succession or estate taxes which may be assessed or imposed upon any of the gifts legacies devises or provisions contained in this my Will or upon my Estate shall be paid by my Executors out of and charged against the principal of my residuary estate as an expense of administration." The testator had created two trusts in his lifetime. Their value was included within the taxable estate and the tax paid. The Surrogate directed a proration as between the two trusts and the residuary estate. The Appellate Division, Second Department, reversed, and held that the direction to pay all taxes out of the residuary estate must be obeyed and that no apportionment could properly be decreed.

The division between the lines of decisions which in the construction of a will and of the terms of section 124 require apportionment and those in which taxes are payable out of the gen-

eral or residuary estate, was discussed by me in *Matter of Kalik* (179 Misc. 872). The decision in *Matter of Kaufman (supra)*, relied upon by those who contend for apportionment, is distinguishable from the situation here because the surrounding circumstances and the contents of prior wills there led to a finding of an intent to direct an apportionment.

The *inter vivos* trust funds are, therefore, not chargeable with any part of the Federal estate taxes.

A further question arises as to whether the inheritance taxes paid to the District of Columbia are subject to apportionment. The Surrogate holds that no such apportionment can be made either under the law of the District of Columbia or the law of New York. The *inter vivos* funds were not included in the gross estate by the taxing authorities of the District of Columbia and the passing of the testamentary benefits only was assessed. In the face of these facts the reason for an apportionment ceases.

In response to the various requests for instructions and directions, the Surrogate holds that under the first of such requests the administration of the estate of the testator and of the trust created by the will is governed by the law of the State of New York. (*Keeney* v. *Morse,* 71 App. Div. 104; *Matter of Vanneck,* 158 Misc. 704; Restatement, Conflict of Laws, §§ 297, 298, comment c; 2 Beale on Conflict of Laws, p. 1024.) The situs of the trust, even though the testator was a nonresident, is in this State and county. The will was probated here. The trust therefore must be administered under the law of New York.

The second request has been disposed of by the consent of the life tenants who have agreed that the interest paid upon additional assessments of estate and inheritances taxes shall be paid out of their income.

In response to the third request the Surrogate holds that the executors are not required to compute the residue under the law of the District of Columbia. The simplified rules for such computation, under section 17-b of our Personal Property Law, shall be applied.

In response to the fourth request the Surrogate holds that the executors are vested with discretion under paragraph seventh, subdivision (c), of the will to amortize or not to amortize the premiums paid by them for the purchase of securities. Where they have actually elected to amortize, such amortization may stand; but as to the future they may change their attitude as to any security whatsoever.

Submit decree on notice construing the will and settling the account accordingly.