In the Matter of the Estate of A. ELISE HALIDAY, Deceased.
Surrogate's Court, New York County, May 17, 1944.

*Albert A. Jacobson* for Raymond T. Armbruster and others, as executors, petitioners.

*P. C. Dugan* and *Robert C. Poskanzer* for National Commercial Bank and Trust Company of Albany, respondent.

*Vernon Murphy,* special guardian for Bryant N. Haliday, Jr., infant life beneficiary.

FOLEY, S. The principal question involved in this executors' accounting proceeding is whether the Federal and New York State estate taxes imposed upon a remainder interest in a cer tain *inter vivos* trust created by the testatrix and also upon the proceeds of certain savings bank accounts standing in her name in trust for her grandson, Bryant A. Haliday, Jr., should be equitably apportioned under section 124 of the Decedent Estate Law or should be paid out of the residuary estate. In the tax proceedings the value of the entire remainder of the *inter vivos* trust, diminished by the value of the life estate, was included within the taxable estate. The value of the proceeds of the sav-ings bank accounts was also included within the taxable estate. The taxes on these funds were paid by the executors.

Two of the three executors and the special guardian for the infant beneficiary herein contend that an apportionment of the taxes should be made in accordance with the provisions of section 124 of the Decedent Estate Law. The third executor has assumed a neutral position. The trustee of the *inter vivos* trust opposes any apportionment of the tax on the remainder and urges that such tax is clearly a charge against the residuary estate.

The Surrogate holds that no apportionment is required to be made and that the taxes are payable exclusively out of the residuary estate of the testatrix.

By the terms of the *inter vivos* trust agreement, which was executed on April 1, 1927, the testatrix directed her trustee to pay the income of the fund turned over to the trustee, to her son, Bryant N. Haliday, during his life, and upon his death to pay one third of the principal to herself, if living, or if she be deceased, to her executors and administrators. Under certain contingencies, determinable only upon the death of the life beneficiary, the entire remainder of the trust might become payable to the estate of the settlor. The testatrix predeceased the life beneficiary who still survives.

It is clear that under the terms of the instrument creating the trust, the remainder passed upon the death of the testatrix to her executors or administrators. It thus became an asset of her estate and was subject to her testamentary disposition. As such asset it was bequeathed by her under the residuary clause of her will and formed part of the residuary trust therein created The taxing authorities did not include the *inter vivos* trust fund in the taxable estate as a transfer made in contemplation of death. They included only the value of the remainder of the trust since such remainder passed under the will of the testatrix.

Under paragraph second of her will the testatrix directed that '' all inheritance and succession taxes payable by my estate or on account of any legacy therein shall be paid out of my residuary estate.''

There is no dispute that this language, in respect of any benefits passing under the will, constitutes an express stipulation against apportionment as provided for in section 124 of the Decedent Estate Law. No part of the estate taxes may therefore be apportioned against the *inter vivos* trust fund.

I hold further that under the broad mandate of paragraph second of the will, all taxes, whether upon testamentary or nontestamentary benefits, must be paid out of the residuary estate. (*Matter of Aldrich,* 259 App. Div. 162; *Matter of Rice,* N. Y. L. J., Oct. 1, 1943, p. 760, col. 6; N. Y. L. J., March 3, 1944, p. 849, col. 7; *Matter of Sicher,* 183 Misc. 890; *Matter of Weinstein,* N. Y. L. J., March 16, 1940, p. 1213, col. 2; *Matter of Lurie,* N. Y. L. J., Nov. 22, 1940, p. 1655, col. 3; *Matter of Weeks,* N. Y. L. J., March 12, 1941, p. 1121, col. 6; *Matter of David,* N. Y. L. J., Nov. 17, 1941, p. 1530, col. 7; *Matter of Henderson,* N. Y. L. J., April 17, 1942, p. 1626, col. 4; *In Re Gibb's Estate,* 41 N. Y. S. 60; *Matter of Seeley,* N. Y. L. J., Oct. 27, 1943, p. 1102, col. 3; *Matter of James,* 180 Misc. 441, affd. 267 App. Div. 761; *Matter of Hund,* 266 App. Div. 379; *Matter of Berger,* 183 Misc. 366.) In the cases just cited the provisions of the will were substantially similar in import.

That the testatrix intended that there should be no proration of any taxes is confirmed by her use of the disjunctive " or " in the quoted provision directing the payment of taxes. She thus clearly distinguished between taxes upon nontestamentary forms of transfers and general legacies under her will. She had in mind two kinds of inheritance and succession taxes— those " payable by my estate " and those payable " on account of any legacy herein ". Necessarily any taxes payable by her estate included taxes assessed on all forms of transfers within the gross taxable estate fixed by the taxing authorities. Therefore the taxes paid upon the proceeds of the savings bank accounts, standing in the name of the testatrix in trust for Bryant A. Haliday, Jr., her grandson, are a proper charge on her residuary estate.

The objections to the valuation of the remainder interest in the *inter vivos* trust, as fixed by the executors, has been withdrawn by stipulation filed.

The personal claim of Blanche M. Nolan, one of the executors, has also been withdrawn by stipulation filed.

The proposed payment set forth in the petition of certain income in the hands of the executors to the trustee of the residuary estate to be applied by them as income under the terms of the will is approved.

Permission is granted to the executors to abandon the securities listed in the account as worthless.

Submit decree on notice construing the will and settling the account accordingly.