In the Matter of the Will of MICHAEL HART, Deceased.

Surrogate's Court, New York County, November 3, 1944.

*Stewart & Shearer* for United States Trust Company of New York, petitioner.

*Louis Dean Speir* for United States Trust Company of New York, as executor and trustee under the will of Martha Hart, deceased, respondent.

*Charles S. Guggenheimer, Mitchell Salem Fisher* and *Rudolph E. Uhlman* for Ruth Tew, respondent.

*Amend & Amend* for Sisters of the Poor of St. Francis and St. Joseph's Hospital for Chest Diseases, respondents.

*Neilson Olcott* for Edward S. Morrison, respondent.

*Heywood & Benedict* for Society for the Relief of the Destitute Blind of the City of New York, respondent.

*Cadwalader, Wickersham & Taft* for Washington Square Home for Friendless Girls, respondent.

*Emmet, Marvin & Martin* for Home for Incurables, respondent.

*Oscar S. Rosner* for Hospital for Joint Diseases, respondent.

*Wolf & Kohn* for Home for Aged and Infirm Hebrews of New York, respondent.

FOLEY, S. The issue presented in this executor's final accounting is whether or not there should be an apportionment of the Federal and State estate taxes pursuant to section 124 of the

Decedent Estate Law. The testator died on April 27, 1936, leaving a gross individual estate of approximately $80,000. In addition he also possessed the right to appoint by will the corpus of a trust of more than $2,500,000 given to him in the will of his uncle, Benjamin Hart.

Three separate kinds of property were included in the gross taxable estate in the Federal and State tax proceedings. The figures in the State proceeding differ slightly from those in the Federal proceeding but this difference in no way affects the question of apportionment. The properties set forth in the Federal proceeding were (1) property over which the testator exercised the power of appointment, $2,600,128.44 under the will of his uncle, Benjamin Hart, (2) property owned by the testator, $80,769.38 and (3) property transferred by the testator in his lifetime to his wife, Martha, in contemplation of his death, $112,351.09.

In the trustee's accounting in the estate of Benjamin Hart, the validity of the exercise of the power of appointment by the testator was passed upon and in supplemental decision in that proceeding (N. Y. L. J., Dec. 27, 1939, p. 2319, col. 6), I directed that all estate taxes, both Federal and State, be paid in the first instance out of the appointed fund and reserved all questions of apportionment until the present accounting by the executor of the estate of the donee of the power of appointment. The validity of the exercise of the power of appointment was sustained (*Matter of Hart*, 262 App. Div. 190), but pending an appeal to the Court of Appeals a settlement agreement was made by the persons interested. All of the property subject to the power passed under the will of this decedent and together with his individual property, forms part of his residuary estate. In respect of this combined residuary fund, the fourteenth paragraph of the testator's will provides: " I direct that all estate, transfer and inheritance taxes to which my estate or the transfer of any part thereof shall be liable be paid from my residuary estate as expenses of administration." Since under the testator's will, the appointed fund and his individual estate have been consolidated into one fund constituting his residuary estate from which all taxes are directed to be paid as administration expenses, there is no necessity for an apportionment of taxes between the two parts of the single fund. The sources of the parts of the unified fund are immaterial. It is only after the payment of taxes as an administration expense out of the combined funds that the true residuary estate of the testator is ascertained. I hold, therefore, that an apportionment between the sources of the residuary fund is not required.

The third question as to apportionment is whether or not the *inter vivos* gifts of $112,351.09 made by the decedent to his wife, Martha, should bear their proportionate share of the estate taxes, pursuant to section 124 of the Decedent Estate Law*. By the third paragraph of his will the testator gave all his funds in his personal bank account in the United States Trust Company of New York and any other funds in bank to his wife. His will is dated October 1, 1935. A few days before his death on April 27, 1936, the testator transferred to his wife $110,000 from his account with the United States Trust Company and $2,351.09 from his account with another bank. These transfers were unquestionably made in anticipation of the specific gift thereof to his wife provided for in the third paragraph of his will. Had the testator not made the transfers a few days prior to his death and allowed them to pass upon his death under the third paragraph of his will, there is no question but that they would have been free from the burden of estate taxes by reason of the direction in the fourteenth paragraph that such taxes be paid out of his residuary estate. It is now asserted that the language of the fourteenth paragraph of the will is not sufficiently broad to include the *inter vivos* gifts and therefore they must bear their proportionate share of the taxes pursuant to section 124 of the Decedent Estate Law.

I hold that under the circumstances in this case and the comprehensive language contained in the fourteenth paragraph of the will directing the payment of all taxes out of the residuary as expenses of administration includes the taxes imposed upon the *inter vivos* gifts to the widow made by the decedent in his lifetime. The direction comes within the specific exception to apportionment under the terms of section 124 of the Decedent Estate Law. (*Matter of Aldrich,* 259 App. Div. 162; *Matter of Henderson,* N. Y. L. J., April 17, 1942, p. 1626, col. 4; *Matter of David,* N. Y. L. J., Nov. 17, 1941, p. 1530, col. 7; *Matter of Lurie,* N. Y. L. J., Nov. 22, 1940, p. 1655, col. 3; *In Re Gibbs,* 41 N. Y. S. 2d 60.) In view of this decision the Federal and State estate taxes have been properly paid out of the appointed fund by the representative of the estate of Benjamin Hart and no apportionment is necessary.

Submit decree on notice construing the will and settling the account accordingly.

---

* Providing that whenever an executor has paid a death tax " with respect to any property required to be included in the gross estate  *  *  *, the amount of the tax so paid, except in a case where a testator otherwise directs in his will,  *  *  *  shall be equitably prorated among the persons interested in the estate  *  *  * ",— [REP.