In the Matter of the Accounting of MILTON MANSBACH et al., as Executors of HATTIE A. GREENWALD, Deceased.

Surrogate's Court, New York County, January 23, 1945.

*Lachman & Goldsmith* for Milton Mansbach and others, as executors, petitioners.

*Stroock & Stroock & Lavan* for Morton L. Deitch and another, as executors of Carrie Adler, deceased, and another, respondents.

*Spence, Hotchkiss, Parker & Duryea* for Visiting Nurse Service of New York, respondent.

*Milbank, Tweed & Hope* for Institute for Crippled and Disabled, respondent.

*Henry Hirsch,* special guardian for Marion Everett, an infant.

FOLEY, S. Questions have been raised in this accounting proceeding (1) as to whether under the language of the will the testatrix directed that an apportionment be made of Federal and State estate taxes, in accordance with the provisions of section 124 of the Decedent Estate Law, between her residuary estate and certain nontestamentary benefits passing under a contract of insurance, (2) or whether, on the other hand, she directed that all taxes including those on insurance benefits be paid exclusively out of the residuary estate. In paragraph fifteenth of

her will she provided: " I direct that all Inheritance, Transfer, Estate and Succession taxes be paid out of my residuary estate."

The will of the testatrix was executed on December 18, 1941. Two codicils to it were executed but their contents are unimportant here. Prior to the making of the will and on November 29, 1939, the testatrix purchased a single premium annuity insurance policy for which she paid the sum of $25,000. By its terms the insurance company agreed to pay the testatrix during her life the sum of $144.75 monthly, and like payments monthly after her death to her sister, Carrie Adler, for her life, and upon the latter's death like payments to her grandnephew, Herbert L. Grinnell, until the total amount of all payments should equal the single premium paid by her.

The testatrix died on August 5, 1942. Her sister, Carrie Adler, died on September 5, 1943. At the date of the death of the testatrix, the commuted value of the unpaid balance of the single premium was fixed at $16,312.60. Of such commuted value, the executors, in their account, have allocated to the estate of Carrie Adler $1,212.59 and to Herbert L. Grinnell, the surviving annuitant, $15,100.01. They seek to recover from the representatives of the estate of Carrie Adler the sum of $225.98 and from Herbert L. Grinnell, $2,840.70, as the *pro rata* share of the Federal and State estate taxes chargeable against the respective benefits passing under the annuity contract.

The application is denied. I hold that paragraph fifteenth of the will clearly absolved the beneficiaries of the annuity contract from the charge of all estate taxes and required their payments to be made exclusively out of the residuary estate. (*Matter of Aldrich,* 259 App. Div. 162; *Matter of Hart,* 184 Misc. 375; *Matter of Haliday,* 184 Misc. 668; *Matter of Berger,* 183 Misc. 366, and cases cited therein.)

The questions at issue are not new. They have been the subject of frequent determination. I am mindful of the fact, however, that in the recent decision in *Matter of Halle* (183 Misc. 858 ), where a provision in the will for the payment of taxes was practically identical in language, the learned Surrogate there held that an apportionment was required to be made against nontestamentary benefits. I am unable to agree with the reasoning or conclusion in that decision.

Section 124 of the Decedent Estate Law requires an apportionment among the persons interested in an estate to whom any property, required to be included in the gross taxable estate of a decedent, is or may be transferred or to whom any benefit

accrues, " except in a case where a testator otherwise directs in his will ".

The terms of this will come squarely within the exception contained in the statute. There can be no doubt that the testatrix directed an express stipulation against apportionment. The testatrix began the fifteenth paragraph by using the words " I direct ". There is thus present a clear expression to make a direction. The direction was that " all " taxes be paid out of her residuary estate. The word " all " means exactly what it imports. It is defined in Webster's New International Dictionary (2d ed.) as " the whole number ". A more comprehensive word cannot be found in the English language (1 Words and Phrases [1st Series], 312). Standing by itself the word means all and nothing less than all. Since in the pending proceeding it is unrestricted by any other word or words, it constitutes a broad mandate by the testatrix to include the taxes upon every form of gift or transfer contained in the gross taxable estate, whether passing under the will or outside the will. Any apportionment of taxes was prohibited by her.

I also held to the same effect in *Matter of Berger* (183 Misc. 366, *supra*). The language of the will there was substantially similar. It read: " I direct that *all* inheritance taxes and other death or succession duties be paid by my executor hereinafter named, out of the residuary estate." (Italics mine.) I stated that by that mandate the testator defined the fund which was to bear all charges for taxes upon testamentary or nontestamentary successions and that any allocation of taxes was thereby prohibited. I relied for my determination there upon the decision of the Appellate Division, Second Department, in *Matter of Aldrich* (259 App. Div. 162, *supra*). In the latter estate the language of the will was also similar in substance to the will involved here, but was not as explicit or even as broad as that in the pending proceeding or in *Matter of Berger* (*supra*). It read: " I hereby order and direct that all legacy transfer inheritance succession or estate taxes which may be assessed or imposed upon any of the gifts legacies devises or provisions contained in this my Will or upon my Estate shall be paid by my Executors out of and charged against the principal of my residuary estate as an expense of administration." The court held that the direction to pay all taxes out of the residuary estate must be obeyed and that no apportionment could be decreed. The fact that in *Matter of Aldrich* (*supra*) the will was that of an attorney does not appear to have been an exclusively controlling factor in the decision of the Appellate Division. Every testator and drafts-

man of his will must be charged with knowledge of the existing laws relating to the taxation of estates. (*Matter of del Drago* [minority opinion], 287 N. Y. 61, 80–86, revd. and minority decision sustained *sub nom. Riggs* v. *del Drago*, 317 U. S. 95.)

In the wills in *Matter of Hart* (184 Misc. 375, *supra*), and in *Matter of Haliday* (184 Misc. 668, *supra*), the word " all " was used in language of similar import and in each estate was construed by me to be a sufficiently comprehensive direction to come within the specific exception to apportionment under section 124 of the Decedent Estate Law.

The language of the will here constitutes an unequivocal direction prohibiting apportionment as to any benefit passing under the will or otherwise. It is entirely different from language in a will which directs an exemption from a charging of taxes only as to specific and general legacies and general trusts, as distinguished from the residuary estate. The line of decisions as to such distinctive directions is typified by *Matter of Ryan* (178 Misc. 1007, affd. 265 App. Div. 1051, motion for leave to appeal denied 290 N. Y. 933). There the clause read as follows: " I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate *and shall not be charged against any of the specific bequests, legacies or devises herein made.*" (Italics mine.) It was held under that language that nontestamentary beneficiaries were not included within the exoneration granted by the testatrix and were therefore required to bear their proportionate share of the taxes. The absolution there was granted only as the " bequests, legacies or devises " made in the will. That is not the situation here.

I accordingly hold that no contribution for any taxes is required to be made by the annuitants under the insurance contract, and that all the estate taxes imposed upon their benefits must be paid out of the residuary estate.

Submit decree on notice settling the account accordingly.