In the Matter of the Accounting of HENRIETTA R. SCHAEFER et al., as Executors of HENRY SCHAEFER, JR., Deceased.

Surrogate's Court, Erie County, April 25, 1945.

*Thomas C. Burke* and *Thomas M. Burke* for executors.

*George B. Doyle,* special guardian.

VANDERMEULEN, S. Henry Schaefer, Jr., died November 11, 1942, leaving a widow, now sixty years of age, one son, now thirty-six years, and two daughters, now thirty-four and twenty-eight years respectively. By article " First " of his will he devised and bequeathed his entire estate to his three execu-

tors, in trust, to receive the rents and profits and pay the net income to his wife, for life; and, by article " Second " he directed his trustees on the death of his wife to divide the trust fund into three equal parts, one for each of his three children, and to apply the net income from each part to the use of the child for whom such part should be set aside, until such child should attain the age of thirty-five years and at that time to distribute the principal of such part to such child. He further directed his trustees, if any such child should die before his wife or should survive her and die before reaching the age of thirty-five years, to distribute the principal of the part set aside for such child to his issue, and in default of issue, to his, the testator's surviving children.

In article " Third " of his will, the testator appointed executors, gave them certain powers and directions, and then provided: " I direct that all my Inheritance, Transfer and Federal estate taxes be paid out of my residuary estate."

Included in the gross tax estate of approximately $285,000 was insurance of $128,210.70 on the life of the decedent, all of which, except $16,336 paid to the son of the deceased, is held at interest by the insurance company.

At the time of his death, the decedent owned undivided one-half interests in two real properties, a farm and a summer home at Humberstone, Ontario. The entire purchase price of both properties, besides the entire cost of subsequent improvements made thereon, had been paid by the wife of the deceased, but title to both properties had been taken in the names of deceased and his wife — the farm as tenants in common and the summer home as joint tenants. The decedent's half interest, valued at $1,600 in the farm, passed under his will as part of the estate devised in trust, and his half interest valued at $7,500 in the summer home, passed to his wife, as surviving joint tenant. Both interests, although they had been paid for by the wife, were subject to " succession duties " — Provincial and Dominion. These duties are what are generally known as inheritance taxes.

The executors seek a construction of the above-quoted tax provision of the will, as to whether it covers the taxes assessed by reason of the inclusion of the insurance in the gross estate, and those assessed by reason of the succession by the widow, as joint tenant, in the decedent's half interest in the summer home.

In *Matter of Brokaw* (180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555, 556) the tax provision of the will reads as follows: " I do further direct that all inheritance, transfer, estate and similar taxes, Federal and State, be paid out of the

residuum of my estate and be not charged against any legatee, devisee, heir or next of kin." The learned Surrogate held that the *inter vivos* trust was not subject to the apportionment of the taxes because the trust was set up for the purpose of complying with the terms of a separation agreement and that the widow occupied a status quite similar to a creditor of the estate. As I read the prevailing *Per Curiam* opinion of the Court of Appeals, it supported the contention of both lower courts, which was based on the circumstances surrounding the separation agreement. It made no comment on that part of the opinion of the lower court in which it was stated (p. 492) : " If the issue presented were dependent solely upon the interpretation to be given to the foregoing clause, an apportionment against the *inter vivos* trust, pursuant to section 124 of the Decedent Estate Law would be directed." The dissenting opinion apparently is in agreement with this statement. I take it, therefore, that the members of the court were practically unanimous in this view of the interpretation of this clause.

In *Matter of Aldrich* (259 App. Div. 162, 163), the appellate court reversed the lower court which held there should be a prorating of the taxes, and directed a payment of all taxes from the residuary estate. The tax clause involved in that matter read as follows : " *Seventeenth.* I hereby order and direct that all legacy transfer inheritance succession or estate taxes which may be assessed or imposed upon any of the gifts legacies devises or provisions contained in this my Will or upon my Estate shall be paid by my Executors out of and charged against the principal of my residuary estate as an expense of administration." The court said, at page 164 : " It is reasonably clear that the intention of the testator in using the words ' or upon my Estate ' in paragraph ' Seventeenth ' of the will, following the designation of various taxes, was that all taxes, including those assessed by reason of his relation to the trusts, should be paid out of the residuary estate; and we so hold. It is confirmed by the provisions of the second paragraph of the second trust agreement in which the ' individual estate ' is distinguished from ' my estate.' " It would appear that the reversal by the Appellate Division was based on the particular wording of the " Seventeenth " clause of the will and one of the trust agreements, which, the court determined, showed that the intention of the testator was payment out of the residuary estate of all estate inheritance taxes assessed against the estate, including the trusts.

In the instant case there is no such particular wording. There is a general direction. The issue, therefore, is whether or not this general direction means that the estate taxes on the jointly held property and the proceeds of the insurance policy are subject to apportionment or are to be included in the assets upon which the taxes are to be paid from the residuary estate.

In *Matter of Rogers* (249 App. Div. 238, 241) in which the question of the construction of a tax clause was involved, the court said: " It is necessary first to ascertain the intention of the testator from the language of the entire will." I would go further by saying that in the matter at bar it is necessary also to take into consideration the terms, language and purposes of the various instruments involved in the inheritance tax proceedings and the surrounding circumstances.

The widow was left $79,202.70, with a right of withdrawal as to $30,194.70. The deceased specified in the insurance policies certain amounts to be paid to the various individuals at the time of his death. He further provided that the widow, in addition to the life use of $79,202.70 could withdraw up to $30,194.70. He also provided, upon the death of the widow, $26,400.90 to be paid to the son and $52,801.80 be held by the company, income to be paid to the daughters and at the time of their death, the same to be payable to their respective executors. The insurance policies made no provision respecting the payment of inheritance taxes. It cannot safely be assumed that the decedent contemplated the paying of a proportionate share of the inheritance taxes out of the insurance funds for the scheme of distribution of the proceeds of the insurance policies and particularly for the protection of his widow, so far as amounts are concerned, might be defeated. He either did not contemplate there would be taxes on insurance moneys or if he did contemplate such, his intention was that payment of taxes should be included in the word " all ".

In *Matter of Kalik* (179 Misc. 872, 873) the material paragraph " Eighteenth " read as follows: " I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my estate and deducted as an expense of administration thereof without any proration among any of the legatees herein named." Although the court decreed apportionment against the nontestamentary transfers, it made this significant statement (p. 874): " In the present situation, if the testator had stopped with the first part of the paragraph reading as follows: ' I hereby direct that all inheritance and death taxes of every kind and character shall be paid out of my

estate and deducted as an expense of administration thereof,' all estate taxes levied upon every form of transfer would be charged out of the testamentary estate.''

In *Matter of Berger* (183 Misc. 366, 368) the learned Surrogate stated: '' If the will of the testator here is to be construed under the law of the District of Columbia and the intent of the testator found, determination is required to be made that paragraph fifth contained a direction for the payment of the Federal taxes exclusively out of the residuary estate. It reads: ' I direct that all inheritance taxes and other death or succession duties be paid by my executor hereinafter named, out of the residuary estate.' By that mandate the testator defined the fund which was to bear all the charges for taxes upon testamentary or nontestamentary successions. As a matter of interpretation of his intent, therefore, any allocation of the Federal estate taxes was prohibited.'' Although the court determined that the will was to be construed under the law of the District of Columbia, in the opinion is this significant statement (p. 369): '' However, even if the testator intended that section 124 of the Decedent Estate Law should be employed to ascertain the source of the payment of the Federal taxes, the broad mandate contained in paragraph fifth of the will, quoted above, would constitute a stipulation against apportionment of any such taxes under the terms of section 124.''

It is my opinion that all estate taxes levied upon every form of transfer, testamentary or nontestamentary, should be paid from the residuary estate, without apportionment.