VIRGINIA JAMISON PETERS PRIEDEMAN, Appellant, v. CORA HOLTHOUSE JAMISON and SECURITY NATIONAL BANK SAVINGS AND TRUST COMPANY OF ST. LOUIS, MISSOURI, Executrix and Executor of the Estate of HUGH STUART JAMISON, Deceased.—No. 40118.—202 S. W. (2d) 900.

Division One, June 9, 1947.

*Jacob M. Lashly* and *Lashly, Lashly, Miller & Clifford* for appellant.

*Ben L. Shifrin, David L. Hensley* and *Taylor, Mayer & Shifrin* for respondents.

 VAN OSDOL, C.—Appeal from a judgment of the Circuit Court of St. Louis County affirming an order of the Probate Court of St. Louis County authorizing respondents, the executrix and executor under the will of Hugh Stuart Jamison, deceased, to deduct $13,468.89 from a share of the residuary estate distributable to appellant as a residuary legatee. The amount represents a portion of the total Federal Estate Tax paid by executors-respondents upon the transfer of the testator's net estate—such portion is claimed by respondents to be allocable to the proceeds of an insurance policy upon the life of testator (which proceeds were included in testator's gross estate for Federal Estate Tax purposes) in which policy appellant was named the beneficiary. The executrix and executor, respondents, contend they are entitled to recover the alleged allocable portion of the total tax paid under Sec. 826 (c) of the Internal Revenue Code, 26 U. S. C. A., 1940 Ed., Sec. 826 (c), as amended by Secs. 404 (b) and 414 (b), Revenue Act of October 21, 1942.

The testator, a resident of St. Louis County, died November 12, 1942. His estate is now in process of administration in the Probate Court of St. Louis County. Under the terms of the testator's will, appellant, Virginia Jamison Peters Priedeman, testator's niece, was bequeathed twenty-one per cent of the residuary estate.

In the trial of the cause it was stipulated by the parties that, at the time of his death, testator had a policy of insurance on his life, the beneficiary of which was Virginia Jamison Peters Priedeman (appellant); that Virginia Jamison Peters Priedeman received the sum of $50,216.59, proceeds of the policy; that the amount was included in the testator's estate for Federal Estate Tax purposes; and that the sum of $13,468.89 is the amount of tax assessed against the estate on account of the insurance of $50,216.59 included in the estate, which insurance was paid, as stated, to Virginia Jamison Peters Priedeman.

It is provided in Section 826 (c), supra (as amended),

"Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate . . ."

Item Six of the testator's will is as follows,

"I direct that all inheritance, succession and estate taxes, both federal and state, which may be assessed against my estate, or against any legatee or devisee in this my Will named, shall be paid by my Executors, so that each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described."

Did testator by Item Six of the will direct "otherwise in his will" than is provided in Section 826 (c), supra, with reference to the insurance beneficiary's liability to the executors for that portion of the total Federal Estate Tax paid by the executors which was attributable to the proceeds of the insurance policy?

Appellant says the "mandate is clear. There is no escape from the proposition that the language contained in item six of testator's will, to wit: 'I direct that all inheritance, succession and estate taxes, both federal and state, which may be assessed against my estate, . . . shall be paid by my executors,' precludes respondents from deducting from appellant's distributive share in testator's estate the portion of the federal estate tax allocable to the proceeds of the life insurance received by her."

Appellant relies especially on the cases of In re Greenwald's Estate, 53 N. Y. S. 2d 937 (a case involving the question whether beneficiaries named in an annuity insurance contract should bear a pro rata share of the total Federal and State estate taxes payable, which share was attributable to the benefits passing to the beneficiaries under the annuity contract upon testator's death); In re Staheli's Will, 57 N. Y. S. 2d 185 (involving the question whether beneficiaries designated in United States savings bonds, registered in the name of testator as purchaser but payable upon testator's death to the designated beneficiaries, should bear a pro rata part of the Federal and State estate taxes payable); and In re Huhn's Will, 58 N. Y. S. 2d 287 (involving a question whether the surviving co-owners of United States savings bonds, registered in the name of testatrix and payable upon registrant's death to others in the alternative as co-owners, were exonerated from the payment of Federal and State estate taxes resulting from the inclusion of the bonds in the gross taxable estate of testatrix). Under the applicable provision of a New York statute the respective recipients of the testators' nontestamentary transfers would have been liable for pro rata apportionments of estate taxes, "except in a case where a testator otherwise directs in his will." In the three cases the testators' directions were in language identical, except in the sequence of words describing the taxes contemplated by the testators—"I direct that all Inheritance, Transfer, Estate and Succession taxes be paid out of my residuary estate." In all three cases it was held the recipients of the benefits of the testators' nontestamentary transfers were exonerated from the payment of the estate taxes, Federal and State. Said the court in the case of Greenwald's Estate, "The direction was that 'all' taxes be paid out of her residuary estate. The word 'all' means exactly what it imports. . . . A more comprehensive word cannot be found in the English language. . . . Standing by itself the word means all and nothing less than all. *Since* in the pending proceeding *it is unrestricted by any other word or words,* it constitutes a broad mandate by the tes-

tatrix to include the taxes upon every form of gift or transfer contained in the gross taxable estate, whether passing under the will or outside the will. Any apportionment of taxes was prohibited by her.'' (Our italics.) The court, however, differentiated the language of the testatrix' direction in that case from such distinctive directions considered in a line of decisions typified by Matter of Ryan's Estate, 178 Misc. 1007, 36 N. Y. S. 2d 1008. ''There (in the case of Ryan's Estate) the clause read as follows: 'I direct that all Transfer, Estate, Inheritance and/or Succession Taxes shall be paid from out of my residuary estate *and shall not be charged against any of the specific bequests, legacies or devises herein made.*' (Surrogate's italics.) It was held under that language that nontestamentary beneficiaries were not included within the exoneration granted by the testatrix and were therefore required to bear their proportionate share of the taxes. The absolution there was granted only as to the 'bequests, legacies or devises' made in the will.'' (We have quoted from 53 N. Y. S. 2d at page 940.) Similarly, in our case, the testator directed the (described) taxes to be paid by the executors ''so that each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described.'' The payment by his executors of the (described) taxes was directed *''so that,''* that is, ''with the effect or result that,'' or ''to the end that,'' or ''in order that'' (Webster's New International Dictionary, 2d Ed., p. 2385) his *legatees and* *devisees* would be exonerated. A beneficiary of life insurance was not mentioned.

It has been said succession taxes cover both real and personal property. Such a tax is an excise on the privilege of taking property by will or by inheritance or by succession in other form upon death of the owner. An estate tax, however, is not a tax on what comes to the legatee or heir, but upon what is left by the decedent. The estate tax comes into existence before and is independent of the receipt of the property by the legatee or distributee. It is a tax upon the transfer of a decedent's net estate as ascertained in the manner prescribed. It has also been said the etymology of the term ''inheritance tax'' is sufficient to restrain any extension of its meaning beyond legacy and succession taxes, although the term has been sometimes employed to include estate taxes. 28 Am. Jur., Inheritance, Estate, and Gift Taxes, secs. 3-5, pp. 8-10. See also In re Rosing's Estate, 337 Mo. 544, 85 S. W. 2d 495. The Federal Estate Tax is ''upon the transfer of the net estate'' of a decedent. 26 U. S. C. A., 1940 Ed., secs. 810 and 935. The value of the net estate is computed by making certain deductions (26 U. S. C. A., 1940 Ed., sec. 812) from the value of the gross estate, as determined for Federal Estate Tax purposes (26 U. S. C. A., 1940 Ed., sec. 811, as amended). The tax is payable by the executor out of the estate as a whole in the first instance and, except as provided by the Internal Revenue Act, the determination of

ultimate thrust of the tax is governed by applicable state law. Riggs v. Del Drago, 317 U. S. 95, 63 S. Ct. 109; In re Estate Poe, Case No. 39,935, 356 Mo. 276, 201 S. W. 2d 441; In re Bernheimer's Estate, 352 Mo. 91, 176 S. W. 2d 15. The inheritance tax of Missouri is a tax on the privilege of receiving or taking property rather than on the transfer or transmission of property at death. The incidence of the tax falls upon the recipient of the property. In re McKinney's Estate, 351 Mo. 718, 173 S. W. 2d 898; In re Rosing's Estate, supra.

Appellant urges the language, "so that each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described," should be said to state but the partial effect the testator expected from his broad direction to pay *all* the described taxes assessed against his estate. But Item Six of testator's will, it seems to us, is a definite direction to fulfill the clear purpose of the testator that all estate, succession and inheritance taxes whatsoever should be paid by his executor *so that* "each legatee or devisee shall receive his or her legacy or devise in full, clear and free of all taxes herein described." Absent such a clear direction on the subject of taxes, the legatees and devisees would have borne the burden of the Inheritance Tax of Missouri; moreover, absent a clear direction on the subject of taxes, the interpretation of provisions of the will relied upon to exonerate legatees or devisees from the estate tax or to make an apportionment of the tax among them might have become the subject of judicial decision. See cases collated in 51 A. L. R. 454; 116 A. L. R. 854; and 141 A. L. R. 847, in which the courts have been called upon to interpret various provisions of wills asserted to effect the exoneration of legatees or devisees from the payment of taxes.

As stated, unless excepted in the Internal Revenue Act, any apportionment of the Federal Estate Tax is governed by local law. Such an exception is made in the Act, as we have seen, where a part of the gross estate upon which the tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor. Sec. 826 (c), supra. The executor in such instance and as herein is entitled to recover of the insurance beneficiary the attributable portion of the total tax paid (unless the testator has *directed* otherwise in his will). In such an instance it may be said Congress has designated the fund which shall contribute in pro rata reimbursement of the Federal Estate Tax assessed against the estate and paid by the executor, unless the testator has otherwise directed in his will. Should it be held appellant is not so subject to liability, the effect of such a ruling would be to increase ▮ appellant's insurance benefits and shift the ultimate burden of the portion of the tax [attributable to the insurance and otherwise recoverable by appellant under the provisions of Sec. 826 (c), supra] to recipients of the testator's testamentary dispositions. We should not so rule unless it is clear the testator has so *directed*.

· Now, the testator directed the payment of all of the described taxes which might be "assessed against my estate, or against any legatee or devisee in this my Will named, . . . so that each legatee or devisee" would be exonerated. The testator, in naming those whose gifts were to be received "in full, clear and free of all taxes herein de-, scribed," did not name the beneficiary of his life insurance policy. In directing the payment of the described taxes so that the legacy or devise of each legatee or devisee should be received in full, clear and free of all the described taxes, should it be said the testator directed the payment of the taxes so that the proceeds of the insurance should be received by the beneficiary in full, clear and free of the Federal Estate Tax? The language of Item Six is devoid of a reference to insurance. It would seem the testator's direction was limited to the exoneration of legatees and devisees. The proceeds of the insurance policy payable to appellant named as beneficiary were not a part of testator's estate being administered by his executors in the Probate Court of St. Louis County. Nance v. Hilliard, 8 Cir., 101 F. 2d 957. The proceeds were a part of testator's "gross estate" for Federal Estate Tax purposes, under a provision of Internal Revenue Code, 26 U. S. C. A., 1940 Ed., Sec. 811 (g), as amended. Appellant as beneficiary in testator's insurance policy and as recipient of the proceeds of the policy, of course, was not a "legatee or devisee" whom the testator clearly was so exonerating that "her legacy or devise" should be received "in full, clear and free of all taxes herein described." In our opinion the testator did not *direct* "otherwise in his will" than that executors-respondents should. be entitled to recover from appellant, as provided in Sec. 826 (c), supra.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.