John O. Boyland, S.
This is a proceeding brought by the executors of the will of Lilian A. Burton for the settlement of their account and for a construction of the will.
The decedent died October 5, 1955 and her will, dated February 17, 1949, was admitted to probate on November 17, 1955. In her will she bequeathed a one-eighth part of her residuary estate to the “ Jane Wright Memorial Fund, Bridgeport, Connecticut”. Both in the probate and the tax proceedings, the executors stated that they attempted to locate the “ Fund ” and were unsuccessful.
In this accounting proceeding, citation was issued and directed to said “ Jane Wright Memorial Fund, Bridgeport, Connecticut ” and due service of said citation was made by publication. Also, one of the attorneys for the petitioners submitted a sworn affidavit in which he states that he personally made a search of the telephone directories for the City of Bridgeport, Connecticut from 1920 to the present time and could find no listing for the “ Jane Wright Memorial Fund”. A check was also made by a Connecticut attorney of the records of the Probate Court of Bridgeport and nothing was found which related either to any Jane Wright or any fund bearing her name. Other proofs received by the petitioners from the offices of the Secretary *1074 of State of Connecticut and the University of Bridgeport and filed in this court, state in substance that there is no record of any “ Jane Wright Memorial Fund ” either being, or having ever been, in existence.
The court is satisfied from the evidence adduced, that the “ Jane Wright Memorial Fund” is neither in existence now, nor was it ever created. It is now necessary for the court to ascertain the recipients of the legacy to said nonexistent organization.
Decedent, after maldng provisions for the disposition of her personal property, stated as follows in article Third of the will: “ I direct that all the rest, residue and remainder of my property and estate, whether real, personal or mixed, wherever situate and of whatsoever nature and whether acquired before or after the execution of this, my Last Will and Testament, including any property over which I may have the power of disposition, be divided into eight equal parts, and I give, devise and beqiiéath said equal parts absolutely and forever as follows: ”
Under the first five subdivisions of said article, [(a) through (e)] inclusive, the testatrix bequeathed five of the eight parts of the residuary estate to named persons, or if they should predecease her, to the following named nonprofit organizations: “Masonic Home, Bleeker Street, Utica, New York”; “New York League for the Hard of Hearing, New York City, New York ”; “ Seeing Bye, Incorporated, Morristown, New Jersey ”; “ Manhattan Bye, Bar and Throat Hospital, New York City ”; and the “ Salvation Army, New York City, New York.”
Subdivisions (f), (g) and (h) provided as follows: (f) “I give, devise and bequeath one of such equal parts to the ‘ Mary Snow Memorial Fund of the University of Maine ’ (g) “I give, devise and bequeath one of such equal parts to the ‘ Jane Wright Memorial Fund, Bridgeport, Connecticut’”; (h) “I give, devise and bequeath one of such equal parts to the ‘ National Woman’s Party, Washington, D. C.’ ”
Subdivision (i), the last subdivision of article Third, provided as follows: “ In the event that any of the principal sum disposed of to any charitable, education or other organization in this Article Third shall lapse by reason of the termination of the existence of any such organization or otherwise, then such principal sutn shall be transferred, delivered and paid over to the successor of such organization, but if there shall be no such successor, then such principal sum shall be distributed-equally, among all of the organizations hereinbefore named in this Article Third whose existence shall not have been terminated.”
*1075 The decedent having provided in her will for a substitutional gift over in the event of a failure of capacity of one of the organizations to take said gift, it becomes necessary to determine, from the language of subdivision (i) quoted (supra), whether the gift to said nonexistent organization should be divided equally among the seven other organizations listed in article Third, or merely to the two other organizations who received bequests outright under said residuary clause [subds. (f) and (h)].
The meaning of particular words employed, in a will should be determined in the light of facts and circumstances existing when the will was made and from a reading of the will as a whole. Without a doubt, this is a sound rule of construction. However, a rule of construction should be used only when there is a need for its use. Where, the language of the testatrix is clear, intelligible and unambiguous the court may not resort to an artificial rule of construction. (Matter of Woodward, 117 N. Y. 522, 525.) In the absence of an indicated intent to the contrary the words and expressions found in a will are to be given their usual and ordinary meaning without enlargement and without restriction. (Matter of Watson, 262 N. Y. 284; Matter of Hogeboom, 219 App. Div. 131.)
The decedent in referring to those organizations which would share in what she termed a “ lapsed ” legacy, stated clearly and unequivocally that “ then such principal sum shall be distributed equally among “ ALL ” of the organizations hereinbefore named in this Article Third whose existence shall not have terminated.” (Emphasis supplied.)
“ ALL ” means exactly what it imports. Standing by itself the word means all and nothing less than all. (Matter of Greenwald, 186 Misc. 654, 657.) There is no language in the. will which even remotely suggests that the decedent intended that only those organizations whose interest vested, should share in a legacy to a nonexistent organization. Since the word ‘ ‘ all ’ ’ is unrestricted by any other word or words, it constitutes a broad mandate by the testatrix to have every organization named in article Third, whose existence has not terminated, share equally in such a legacy, whether named as a vested or a contingent legatee.
Therefore, the court holds that the organizations hereinbefore mentioned, namely the “ Masonic Home, Bleeker Street, Utica, New York ”, “ New York League for the Hard of Hearing, New York City, New York”, “ Seeing Eye, Incorporated, Morris-town, New Jersey ”, “ Manhattan Eye, Ear and Throat Hospital, New York City, New York”, “ Salvation Army, New *1076 York City, New York”, “Mary Snow Memorial Fund of the University of Maine,” and “ National Woman’s Party, Washington, D. C.”, each take a one-seventh share in the legacy bequeathed to the “ Jane Wright Memorial Fund ”.
Enter decree on notice and in accordance herewith.