S. Samuel Di Falco, S.
This is a proceeding for the settlement of the account of the executors. The account discloses that the aggregate estate taxes exceeded the value of the residuary estate and it is the allocation and charge of this excess, or deficit depending upon the light in which it is viewed, with which the first question set forth in the petition is concerned. The decedent died seized of. a vested remainder interest in a trust under the will of his aunt, Caroline L. Morgan. The actuarial value of that remainder was included in his taxable estate and generated a part of the total tax burden but it has not been reduced to possession by the executors because of the fact that the trust has not come to an end and will continue in administration for the life of the surviving income beneficiary. The tax has actually been paid in full so that there is no question of any further imposition of penalties or interest, but it was necessary to abate the preresiduary legacies in order to create the fund from which the payment was made despite the testator’s direction to charge all estate taxes to his residuary estate. It is the position of the accounting executors that the trustee of the trust under the aunt’s will should be called upon to contribute a share of the taxes levied to the extent that they were attributable to the inclusion of the testator’s remainder interest in the taxable estate (EPTL 2-1.8, subd. [c], par. [1]). In fact, they go further and suggest that the trustee, since the trust is under administration in this court, be required to invade its principal to the extent of the full actuarial value of the remainder as a contribution to the tax assessed against the estate of our decedent and that the balance of his interest be encroached upon to bring payments to the life tenant up to the level which he has been receiving as income. In. support of this view they cite Matter of Werle (134 N. Y. S. 2d 310) a decision emanating from this court, to which more extended reference is made below.
With respect to Werle, it should be noted that in that case the trust against which a portion of the estate taxes on the decedent’s estate was levied was established pursuant to an agreement of *113 settlement terminating litigation between the decedent and the remainderman. In that agreement, the remainderman specifically undertook to pay the estate taxes, if any, assessed against the decedent’s estate as a result of the creation of the trust. No such agreement affects the relation between the Morgan estate and the trust of which the testator was a beneficiary in remainder here. Consequently the cited case, though it did involve the principal of a continuing trust, has no application to the will at bar and for that reason, if for no other, must be disregarded in this context.
In effect, what the petitioners seek here is an invasion of the principal of a trust to which the testator, were he alive, would have no right to resort. The trustee under the aunt’s will has an obligation to the income beneficiary equal to that owed to the present testator as the holder of the vested remainder. Until the termination of that trust the remainder will not come into the possession of the executors in this estate and the court can find no basis for allowing them to compel contribution to their tax from that source. (Matter of Holiday, 184 Misc. 668 ; Matter of Chase Nat. Bank, 59 N. Y. S. 2d 848 ; Chase Nat. Bank v. Gaston, 51 N. Y. S. 2d 670.)
While this decision will foreclose a present attempt to reach the deceased’s interest in the trust estate and as a consequence result in an assessment against the preresiduary legacies through ratable abatement, the legatees will in the final outcome be made whole on the death of the life tenant to the extent that the property coming into the hands of the executor permits. Under the circumstances prevailing, however, the adoption of another alternative would not be permissible for the rule of ratable abatement is one of almost universal application when the residuary estate is insufficient to meet the requirements of the expenses and debts to which it is subject (Matter of Halsted, 174 Misc. 292, affd. 261 App. Div. 892). Indeed, the preresiduary legatees here will enjoy a measure of relief not ordinarily present in view of the fact that their contributions will be restored in whole or part as the event dictates upon the termination of the life estate. It should be noted that because of the principle involved the court has reached its decision without regard to the life tenant’s consent to the encroachment upon corpus in the modest amount required to meet the actual portion of the tax attributable to the actuarial value of the remainder.
A second question at issue involves the construction of a bequest to the decedent’s secretary, Miss Constance C. Van Ness, to whom he left in Article Fifteenth in his will ‘‘ the net proceeds *114 of * * * liquidation ’ ’ of his architectural business. The petitioners profess doubt as to whether the language of gift is broad enough in scope to carry with it the balance in the checking account which he maintained solely as an adjunct of his architectural practice and labeled ‘‘ Alexander P. Morgan— Architectural Account ’ ’. To their credit, it is to be noted that all of the adult members of the family of the testator heartily approve the notion that the balance in this account does indeed pass under the will to Miss Van Ness. But even if this were not the fact, the court would have no difficulty in reaching the same result. It is scarcely to be doubted that a bank account maintained in connection with the operation of an architectural practice is an integral part of the affairs of the enterprise without which it could hardly continue to function. It requires no stretch of the bequest to hold that for this reason it was intended by the testator to pass within the gift he had made to an associate whose loyalty called this generous act into being.
Permission is granted to the executors to abandon as worthless the securities described in account Schedules A and B and the personal claim of the Morgan Guaranty Trust Company, one of the executors, is allowed in the sum of $528, the amount charged for custodial services.
Submit decree on notice settling the account as filed, construing the will in accordance with the foregoing, and reserving at the foot jurisdiction to apportion among the preresidukry legatees the property which will come into the possession of the executors or trustees constituting the decedent’s vested remainder in the trust under the will of his aunt.